JOURNAL ENTRY and OPINION
{¶ 1} In 2003, the court found petitioner Willie Speed guilty of two counts of rape, one count of attempted rape, three counts of kidnapping, four counts of impersonating a police officer, and possession of criminal tools. We affirmed the conviction in State v. Speed, Cuyahoga App. No. 83746, 2004-Ohio-5211, but remanded for resentencing. Speed then filed two petitions for postconviction relief. The first-filed petition, made through counsel, raised grounds of ineffective assistance of counsel. The second petition, filed pro se, raised similar ineffective assistance of counsel claims, and also raised evidentiary issues in a section titled "actual innocence." The state filed a motion to dismiss the petitions on grounds that the claims asserted therein were barred by res judicata. The court granted the state's motion as to both petitions.
 {¶ 2} We lack jurisdiction to hear this appeal because the court failed to issue findings of fact and conclusions of law when it dismissed the petitions. R.C. 2953.21(C) states, "[i]f the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." Likewise, R.C. 2953.21(G) states, "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." In State v. Calhoun, 86 Ohio St.3d 279,291-292, 1999-Ohio-102, the supreme court stated that "[t]he findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion."
 {¶ 3} The subject journal entry states in its entirety:
 {¶ 4} "State's motion to dismiss defendant's petition to vacate or set aside judgment of conviction or sentence is granted.
 {¶ 5} "State's motion to dismiss defendant's petition for post-conviction relief is granted."
 {¶ 6} This journal entry gives no findings of fact or conclusions of law from which we can divine the court's rationale for granting the state's motions to dismiss. And while Speed did file a request for findings of fact, he filed his notice of appeal before the court could issue them. This being the case, we lack a final, appealable order and must dismiss the appeal. See State v. Mapson (1982), 1 Ohio St.3d 217, 218.
Dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant its costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, JR., P.J., and McMonagle, J., concur.