[Cite as *Elliott v. Rhodes*, 2011-Ohio-339.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

KELLY ELLIOTT, nka
    ELLIOTT-RODGERS,     :

    Plaintiff-Appellee,     :    Case No.  10CA26

    vs.     :

JOHN RHODES,     :    DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.     :
_____

APPEARANCES:

APPELLANT PRO SE:     John Rhodes, 439 John Street, Circleville, Ohio
    43113

COUNSEL FOR APPELLEE:     Michael D. Hess, 214 South Court Street, Suite 200,
    P.O. Box 682, Circleville, Ohio 43113
_____
CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 1-20-11

ABELE, J.

{¶ 1} This is an appeal from a Pickaway County Common Pleas Court, Juvenile Division, judgment that ordered John Rhodes, defendant below and appellant herein, to pay monthly child support.

{¶ 2} Appellant raises the following assignments of error[1] for review:

---

[1] Appellant's brief does not contain a dedicated section that delineates specific assignments of error. We have reviewed his "statement of issues" and "arguments and authorities cited" and have extracted what we interpret to be the assignments of error from the "arguments and authorities cited" section.

FIRST ASSIGNMENT OF ERROR:

"'COURT OF COMMON PLEAS, PICKAWAY COUNTY, JUVENILE DIVISION ERRED AND ABUSED ITS DISCRETION BY IMPUTING THE DEFENDANT'S-APPELLANT'S INCOME TO WAGES THAT THE DEFENDANT IS NO LONGER EARNING DUE TO COLLECTING UNEMPLOYMENT.  DEFENDANT'S UNEMPLOYMENT WAS NOT VOLUNTARY.'  DECISION IS CONTRARY TO LAW.  ALSO 'COURT OF COMMON PLEAS, PICKAWAY COUNTY, JUVENILE DIVISION ERRED AND ABUSED ITS DISCRETION BY IGNORING THE DEFENDANTS [SIC] DOCTOR'S NOTE INDICATING THAT HE COULD NOT LIFT MORE THAN 10 POUNDS AND THEREFORE RENDERING HIM UNABLE TO PERFORM THE TYPE OF WORK THE DEFENDANT DID PRIOR TO BEING UNEMPLOYED.'"

SECOND ASSIGNMENT OF ERROR:

"DUE TO THE MANIFEST WEIGHT OF EVIDENCE 'COURT OF COMMON PLEAS, PICKAWAY COUNTY, JUVENILE DIVISION ERRED AND ABUSED ITS DISCRETION BY RELYING UPON TESTIMONY[,] EVIDENCE, AND IMPROPER DOCUMENTATION TO VERIFY PLAINTIFF-APPELLEE'S INCOME TO DETERMINE THE PLAINTIFF'S GROSS INCOME."[2]

THIRD ASSIGNMENT OF ERROR:

"CONTRARY TO LAW 'COURT OF COMMON PLEAS ERRED AND ABUSED IT'S [SIC] DISCRETION BY NOT INCLUDING WITH THE CHILD SUPPORT ORDER SPECIFIC PROVISIONS FOR PARENTING TIME AND VISITATION.'"

FOURTH ASSIGNMENT OF ERROR:

"'COURT OF COMMON PLEAS, PICKAWAY COUNTY, JUVENILE DIVISION SPECIFICALLY MAGISTRATE

---

[2] Appellant places a quotation mark beginning with "Court" above, but does not indicate where the quotation ends.

HARSHA, AND THE CLERK OF COURTS ERRED AND
ABUSED ITS DISCRETION HEARING ANY AND ALL
MOTIONS, AND LEGAL MATTERS RELATED TO THE
PLAINTIFF.'"
FIFTH ASSIGNMENT OF ERROR:

"'COURT OF COMMON PLEAS, PICKAWAY COUNTY,
JUVENILE DIVISION ERRED AND ABUSED ITS
DISCRETION BY NEGLECTING TO ACKNOWLEDGE THE
DEFENDANT'S REQUEST FOR A SHARED PARENTING
DECREE SUPPORTED BY A PARENTING PLAN.'"

**{¶ 3}** Appellee and appellant are the biological parents of three children. On December 6, 2006, Pickaway County Job and Family Services filed a complaint to establish an order of support on behalf of plaintiff below and appellee herein, Kelly Elliott, and her three minor children.[3]

**{¶ 4}** On December 8, 2006, appellee filed a "custody complaint" and a motion for temporary custody.[4] Appellee alleged that the children presently reside with her, but no order has allocated parental rights and responsibilities. Appellee requested the court to designate her the legal custodian of the children and to enter a child support award.

**{¶ 5}** On December 21, 2006, appellant filed a pro se complaint for visitation.[5] Appellant requested reasonable companionship rights with the children. He also

---

[3] This case was captioned as "State of Ohio ex rel. Pickaway County Job & Family Services v. John Rhodes" and assigned case number 20640274.

[4] These two documents do not bear case numbers and the caption is "Kelly L. Elliott vs. John R. Rhodes." Nonetheless, the clerk filed these documents in the child support matter.

[5] Appellant designated the caption as brought "In the Matter of [the three children]." The clerk designated his complaint with the same case number as the child support complaint and appellee's custody complaint.

sought temporary custody of the children during the pendency of the case.

{¶ 6} On December 22, 2006, the magistrate entered a child support order that directed appellant to pay $231.21 per child in monthly child support. The magistrate subsequently entered temporary orders that designated appellee the residential parent and granted appellant companionship time. The magistrate further modified appellant's total monthly child support obligation to $216.08.

{¶ 7} On April 2, 2007, appellant filed a motion and requested the court to designate him the residential parent and legal custodian. The magistrate issued an interim order that designated appellant the children's "temporary custodian for school placement" and suspending his child support obligation.

{¶ 8} On April 11, 2008, the trial court adopted the parties' agreed shared parenting plan, under which the children reside primarily with appellant and appellee pays child support.

{¶ 9} On July 1, 2009, appellee filed a motion to modify the allocation of parental rights and responsibilities and requested the court designate her the residential parent and legal custodian.

{¶ 10} On November 12, 2009, the magistrate designated appellee the residential parent and legal custodian of the parties' minor children. The order further stated that appellee "waives all child support payments until February 15, 2010." The magistrate also terminated appellee's child support obligation.

{¶ 11} On February 19, 2010, appellant filed a "motion for modification or termination of child support."

{¶ 12} On April 25, 2010, the magistrate directed appellant to pay child support in the amount of $592.10 per month plus $134.33 per month for cash medical support when private health insurance is not provided.  When, however, health insurance is provided, the magistrate ordered that appellant pay $727.25 in monthly child support. In reaching her decision, the magistrate found that: (1) appellee earns $19,863 per year; (2) appellant is unemployed and receives $16,952 in annual unemployment; (3) appellant lost his job due to tardiness; (4) when appellant was employed, he earned $32,240 annually; and (5) appellant's doctor stated that appellant is not to lift more than ten pounds due to his medical condition.  The magistrate thereupon determined that: (1) the doctor's note did not establish that appellant is disabled and unable to work; and (2) appellant lost his employment "due to his conduct, not due to any outside or uncontrollable forces."  Thus, the magistrate imputed $15,288 in income to appellant.

{¶ 13} On May 6, 2010, appellant filed pro se objections to the magistrate's decision.  He stated:

> "I would like to know why doctors [sic] note was'nt [sic] reconized [sic] by court.  I never said I was disabled.  According to paperwork received states that a hearing was heard on 4-22-10 and I was there, I didnt even know there was a hearing.  I have an appointment with Adena Bone and Joint on 5-20-10, to be scheduled for another MRI.  I would like a chance for courts to take my herniated/bulging disc into consideration. Court paper say I was terminated due to my conduct.  Unemployment determined * * * I was discharged without just cause."

{¶ 14} On May 14, 2010, appellant filed a motion and requested the magistrate and the trial court judge to recuse themselves.  Appellant additionally requested that future hearings and motions be heard before Judge Knece and that the filing of all documents be transferred to the Clerk for Judge Knece.  On May 19, 2010, appellant

then filed a motion for shared parenting.

{¶ 15} On June 29, 2010, the trial court adopted the magistrate's decision[6] and ordered appellant to pay $737.25 in monthly child support as long as private health insurance is maintained for the children.   When, however, no health insurance is provided, appellant shall pay $592.10 per month for child support and $134.33 for cash medical support.   The court imputed $15,228 in income to appellant in order "to bring his income to the level it was prior to his termination [from employment.]" The court further determined that appellant was not disabled or unable to work.   The court stated that its entry is a final appealable order and also stated: "All until further order of this Court."

{¶ 16} On July 2, 2010, appellant filed a document in which he objected to the trial court's June 29, 2010 decision because he "was under the impression we were going back before Judge Knece with regards to this matter when I had the transcripts from the April 6, and April 22, 2010 court dates."   On July 2, 2010, appellant filed another motion and requested the court to recuse itself.      On July 28, 2010, appellant filed a notice of appeal from the trial court's June 29, 2010 order.

{¶ 17} Before we consider the merits of appellant's appeal, we must determine whether the trial court's June 29, 2010 order constitutes a final appealable order.   An appellate court's jurisdiction over trial court judgments extends only to final orders. Ohio Const. Art. IV, Section 3(B)(2).   Section 2505.02(B)(2) defines "a final order that

---

[6] We observe that the trial court did not enter an order to specifically address

may be reviewed, affirmed, modified, or reversed" as one that "affects a substantial right made in a special proceeding * * *."   "An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future."   Koroshazi v. Koroshazi (1996), 110 Ohio App.3d 637, 640, 674 N.E.2d 1266, citing Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181.   To constitute a final order, the order must dispose of the whole case or some separate and distinct branch.   See, e.g., Noble v. Colwell (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381.   In general, when an order does not contemplate further action and no other related issues remain pending, the order normally constitutes a final order.   See In re H.T.-W., Lucas App. No. L-10-1027, 2010-Ohio-1714, at ¶7; see, also, Christian v. Johnson, Summit App. No. 24327, 2009-Ohio-3863.

{¶ 18} The case sub judice began as a complaint to establish child support.   It then morphed into a back-and-forth child custody and support dispute.   The trial court apparently resolved the most recent round involving child support, but it appears that it did not resolve the most recent pending custody issue.   See Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (trial court granted custody modification, but deferred child support issue for further determination did not constitute a final appealable order).   Accordingly, because this case includes multiple claims and the trial court's decision did not resolve all pending issues, we do not believe that the

---

appellant's objections.

court's decision constitutes a final appealable order.[7]   Moreover, the trial court's

decision states "until further order," thus arguably contemplating further action.   We

recognize that the court's ruling on appellant's pending custody modification may

impact its child support ruling, in which case this appeal would be moot.   Therefore, it

would be a waste of judicial resources to address appellant's present arguments

concerning child support.

{¶ 19}  Accordingly, we hereby dismiss this appeal.

APPEAL DISMISSED.

---

[7] The trial court did not enter a specific order to address appellant's objections. The Ninth District has adopted the position that "'[w]hen a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action.'"  In re Strickler, Lorain App. No. 09CA9692, 2010-Ohio-2277, at 5, quoting In re Strickler, Lorain App. Nos. 08CA009375 and 08CA009393, 2008-Ohio-5813, at ¶7-8.   The Ninth District requires a trial court to specifically and explicitly resolve each objection in order for a court's judgment that adopted a magistrate's decision to constitute a final, appealable order.   Other courts have declined to adopt this position. See In re Estate of Knowlton, Hamilton App. No. C-050728, 2006-Ohio-4905; Chan v. TASR, Total Abatement Specialist & Remodelers, Hamilton App. No. C-070275, 2008-Ohio-1439.   Although we need not adopt either position, we do believe that "the better practice is to clearly set forth an explicit ruling on the objections."   In re Adoption of S.R.A., Franklin App. No. 09AP-1096, 2010-Ohio-4435, at 20.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.