[Cite as *State v. Kelly*, 2014-Ohio-1020.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA3562 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| BREON KELLEY, | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **Released: 03/17/14** |

_____

APPEARANCES:

Breon A. Kelly, Chillicothe, Ohio, Appellant, pro se.[1]

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Julie Hutchinson, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is an appeal from a Scioto County Common Pleas Court judgment that denied a "petition to vacate or set aside judgment of conviction or sentence" filed by Appellant, Breon Kelly. On appeal, Appellant raises three assignments of error, contending that 1) his sentence for drug trafficking is unsupported by either sufficient evidence or the weight of the evidence; 2) the trial court's sentences were contrary to law;

_____

[1] A review of the record indicates that the trial court spelled Appellant's last name incorrectly in the order being appealed from.

and 3) he was denied effective assistance of trial counsel. Because the trial court's entry does not contain findings of fact and conclusions of law, the entry does not constitute a final, appealable order. As such, we are without jurisdiction to consider the appeal and must dismiss it.

FACTS

{¶2} On September 21, 2011, the Scioto County Grand Jury returned an indictment charging Appellant with six felony counts, including trafficking in crack cocaine, two counts of possession of drugs, trafficking in drugs/crack cocaine, trafficking in drugs, and possession of criminal tools. The indictment also contained a forfeiture specification. Appellant subsequently entered into a plea agreement whereby he pled guilty to count one, trafficking in crack cocaine, a first degree felony in violation of R.C. 2925.03(A)(1)/(C)(4)(f), along with a forfeiture specification. The trial court's November 2, 2012, judgment entry of sentence indicates that Appellant was sentenced to an agreed sentence of four years on count one, to be served consecutively to an additional one year sentence imposed in a separate case, for a total, aggregate sentence of five years.[2] Appellant did not appeal from that judgment.

---

[2] The other case was identified as 12CR000057, that most likely is the same case as 12-CR-057, which was referenced in a September 19, 2012, motion to consolidate filed by the State. However, the nature of the other case does not appear in the record, nor does it appear that the two cases were actually consolidated.

{¶3} Appellant initiated the current matter with the filing of a "petition to vacate or set aside judgment of conviction or sentence" on April 25, 2013. The State filed a motion contra Appellant's petition to vacate on May 29, 2013. The trial court issued a two-sentence entry denying Appellant's petition on June 17, 2013. The entry did not state the reason for the denial, nor did it contain findings of fact and conclusions of law in support of its decision. It is from this entry that Appellant now brings his appeal, setting forth three assignments of error for our review.

## ASSIGNMENTS OF ERROR

"I.     APPELLANT'S SENTENCE FOR DRUG TRAFFICKING IS UNSUPPORTED BY EITHER SUFFICIENT EVIDENCE OR THE WEIGHT OF THE EVIDENCE.

II.     THE TRIAL COURT'S SENTENCE(S) ARE CONTRARY TO OHIO REVISED CODE, SECTION 2925.03; 2929.14; 2929.19; 2923.24; 2925.11.

III.    APPELLANT HAS BEEN DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION."

## LEGAL ANALYSIS

{¶4} Before we reach the merits of Appellant's assignments of error, we must first address a threshold, procedural issue. First, we note that although not titled as such, we construe Appellant's motion below as a

petition for post-conviction relief, brought pursuant to R.C. 2953.21. See,

*State v. Damron*, Ross No. 10CA3158, 2010-Ohio-6459, ¶ 11; citing *State v.*

*Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131, at syllabus (1997) (holding

that a post-direct appeal motion seeking to vacate a conviction on

constitutional grounds is treated as a petition for post-conviction relief.); See

also, *State v. Tucker*, 5th Dist. Stark No. 2003CA00397, 2004-Ohio-3060, ¶ 9

and 11 (noting that "post conviction efforts to vacate a criminal conviction

or sentence on constitutional grounds are governed by R.C. 2953.21," and

also noting "[t]he caption of a pro se pleading does not definitively define

the nature of the pleading.").[3] Here, Appellant's petition clearly sought to

void his conviction, based upon alleged constitutional violations.

{¶5} As noted, R.C. 2953.21 governs petitions for post-conviction

relief and provides in section (A)(1)(a) as follows:

> "Any person who has been convicted of a criminal offense * * *
>
> and who claims that there was such a denial or infringement of
>
> the person's rights as to render the judgment void or voidable
>
> under the Ohio Constitution or the Constitution of the United
>
> States, * * * may file a petition in the court that imposed
>
> sentence, stating the grounds for relief relied upon, and asking

---

[3] Appellant does, however, reference his filing as a petition for post-conviction relief in the body of his petition, though not captioned as such.

the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."

R.C. 2953.21 further provides in section (C) as follows:

"The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. *If the court dismisses the petition, it shall make and file findings of fact and*

*conclusions of law with respect to such dismissal.*"  (Emphasis

added).

Likewise, R.C. 2953.21 (G) states, in pertinent part, that "[i]f the court does

not find grounds for granting relief, it shall make and file findings of fact

and conclusions of law and shall enter judgment denying relief on the

petition."

{¶6}  In the case presently before us, the trial court's June 17, 2013,

entry does not contain findings of fact and conclusions of law.  Rather, the

entry simply states that the motion was not well taken and was overruled.

"Ohio law requires a trial court to make findings of fact and conclusions of

law when it dismisses a petition or denies postconviction relief on the

merits." *State v. Brooks*, 4th Dist. Scioto No. 09CA3329, 2010-Ohio-3262, ¶

4; citing R.C. 2953.21(C) and (G).  Thus, the entry does not constitute a

final, appealable order.  Id. at ¶5.

{¶7}  Accordingly, because there is no final, appealable order, we are

without jurisdiction to consider the arguments raised by Appellant and must

dismiss the appeal.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court,

BY:    _____
       Matthew W. McFarland, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**