[Cite as *Cummin v. Cummin*, 2017-Ohio-7877.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

KIMBERLY IRETON CUMMIN,   :

                          :          Case Nos. 16CA19

      Plaintiff-Appellee,     :              16CA20

                          :

      vs.                     :       DECISION AND JUDGMENT

                          :       ENTRY

DAVID LAWRENCE CUMMIN,   :

                          :

      Defendant-Appellant.    :       **Released: 09/21/17**

_____

APPEARANCES:

Ryan Shepler, Kernen & Shepler, LLC, Logan, Ohio, for Appellant.

K. Robert Toy, Toy Law Office, Athens, Ohio, for Appellee.[1]

_____

McFarland, J.

{¶1} This is an appeal of David Cummin from two judgments issued by the Hocking County Court of Common Pleas following a limited remand by this Court in *Cummin v. Cummin*, 2015-Ohio-5482, 55 N.E.3d 467. On appeal, Appellant raises two assignments of error, contending that 1) the trial court erred in calculating his income on remand; and 2) the trial court erred in computing his gross income for purposes of the motion to modify child support. Because we find the trial court abused its discretion in disregarding the mandate given in our limited remand order, the trial court's July 28,

---

[1] Appellee has failed to file a brief or otherwise participate in this appeal.

2016, Remand Decision and Journal Entry is reversed, and the matter is again remanded for the limited purpose of determining how much of Appellant's income, as already determined by the trial court to be $258,427.00, constituted imputed income.  Further, because we find that the trial court failed to dispose of all pending issues that were newly raised post-remand, the trial court's August 18, 2016, Decision on Child Support and Judgment Entry does not constitute a final, appealable order and we lack jurisdiction to consider it.  Accordingly, these appeals, which have been consolidated, are reversed, in part, remanded, in part, and dismissed, in part.

## FACTS

{¶2}  We set forth the facts as previously observed in *Cummin v. Cummin, supra:*

> "The parties were married on July 18, 1992 and have four children, all of which are still minors. A divorce decree was issued on November 4, 2011. As part of the divorce decree, the trial court ordered shared parenting, ordered Appellant to pay child support based upon the parties' full combined annual income, which exceeded $300,000.00, and also ordered Appellant to pay spousal support to Appellee. Appellant is a physician and Appellee, at the time of the divorce, had been out of the work force for several years while raising the parties' four children. However, at the time of the divorce, it was anticipated that Appellee would return to work and the trial court imputed income in the amount of $65,000.00 to Appellee for purposes of calculating child support.  No initial direct appeal was taken from the divorce decree and associated orders.

Subsequently, Appellant filed a motion to modify support on January 7, 2014. Appellee then filed a cross-motion to modify child support, as well as a motion to modify visitation. A final hearing was held on June 25, 2014, with the parties having already worked out the majority of the parenting time issues. As such, the hearing primarily focused on financial issues that pertained to the motions to modify support. Appellant's new wife, Crystal Cummin, testified at the hearing. She testified that she and Appellant had been on several trips, including an Aruba vacation in which they took Appellant's children, a honeymoon to Croatia, a cruise to Puerto Rico, which was paid for by her employer, and a trip to New York. She testified that she earns approximately $116,000.00 annually working for Johnson & Johnson.

Appellant testified that he earns $25,100.00 annually as the elected county coroner, most recently had a business net income of $150,206.00 and also has rental property income. He testified, however, that although he previously earned $11,000.00 annually as the hospital chief of staff, he would no longer receive that income because he was term-barred from continuing in that position. He further testified that his rental income had decreased and would continue to decrease in future years, as he had lost tenants and did not expect to be able to find new tenants. He also testified that his income had decreased due to the fact that he no longer performed inpatient hospital work. He testified that inpatient work did not pay well, and that he had reduced his work load in order to spend more time with his children. He estimated that he had decreased his weekly working hours from over one hundred hours to about seventy hours. On cross-examination, Appellant testified that he completed eighteen hours of continuing medical education while he was in Croatia for his honeymoon and, as a result, he deducted those travel expenses from his business income.

Appellee also testified during the hearing. She testified that her annual income was between sixty-eight and sixty-nine thousand dollars, not including any support payments she receives. She testified that until recently, she had provided the children's health insurance benefits, despite the prior order that Appellant

do so. She testified that it was her belief that Appellant's current income was $240,000.00 and that he was capable of earning that much.

After considering the testimony of the parties and reviewing tax returns, the trial court issued its decision finding Appellant to be voluntarily underemployed. The trial court reduced spousal support by $100.00 a month, from $2,000.00 per month to $1,900.00, but increased child support from $832.59 per month to $1,371.83 per month. The trial court noted in its entry, in connection with its finding that Appellant was voluntarily underemployed, that '[t]he net results cannot be precisely computed but the Court has made an effort to develop a reasonable child support calculation.' The trial court properly attached a child support computation worksheet to its decision, noting that it had calculated support based upon a $150,000.00 income limit as well as based upon the parties' actual combined annual income, which was $320,586.40, and had decided not to cap the support at the $150,000.00 limit. * * *"

{¶3} On his first, direct appeal of the matter, Appellant argued that the trial court erred in extrapolating his child support obligation beyond the obligation for a combined income of $150,000, and that the trial court erred in calculating his income. *Cummin* at ¶ 6. With regard to the income calculation contention, Appellant argued that the trial court erred in finding he was voluntarily underemployed and imputing income to him. Appellant also argued the evidence did not support the gross income calculation the trial court attributed to him. *Id.* at ¶ 17.

{¶4} On appeal, this Court affirmed the trial court's decision to extrapolate Appellant's child support obligation. *Id.* at ¶ 16. We also

affirmed the trial court's calculation of Appellant's gross income, including its decision that Appellant was voluntarily underemployed and, as such, its decision to impute income to Appellant. *Id.* at ¶ 25. However, we observed as follows:

> "Here, although the record is clear on the reasons the trial court decided to impute income, we cannot ascertain from the trial court's journal entry the amount of potential income the trial court actually imputed to Appellant."

Because we found the record "unclear as to how much income was imputed[,]" we reversed the decision, in part, and remanded the matter to the trial court for further proceedings consistent with our opinion. *Id.* at ¶ 26.

{¶5} The trial court held a remand hearing on May 18, 2016. In its remand decision the trial court noted that "[w]hile the parties understood the Court was asked only to supply an income figure that was imputed to Defendant in a prior decision, they expressed a mutual desire to submit other current issues." As such, the trial court permitted the parties to put on additional evidence related to issues involving the medical, dental and optical insurance coverage for the children and the management of the children's 529 College Savings Plans. Appellant also made an oral motion to modify child support based upon changed circumstances which involved the emancipation of one of the parties' children as well as the birth of a child between Appellant and his new wife.

{¶6} Following the hearing, the trial court issued a Remand Decision and Journal Entry on July 28, 2016. Appellant filed a timely appeal from that decision. The trial court issued another decision on August 18, 2016, entitled Decision on Child Support and Judgment Entry. Appellant also appealed that decision. This Court sua sponte consolidated the appeals on September 1, 2016. Appellant now raises two assignments of error for our review, as follows.

## ASSIGNMENTS OF ERROR

"I.     THE TRIAL ERRED IN CALCULATING DR. CUMMIN'S INCOME ON REMAND.

II.     THE TRIAL COURT ERRED IN COMPUTING DR. CUMMIN'S GROSS INCOME FOR PURPOSES OF THE MOTION TO MODIFY CHILD SUPPORT."

## ASSIGNMENT OF ERROR I

{¶7} In his first assignment of error, Appellant contends that the trial court erred in calculating his income on remand. Appellant also contends that the trial court failed to comply with this Court's remand mandate, and therefore abused its discretion. For the following reasons, we agree with Appellant's remand argument.

{¶8} We review child support matters under an abuse-of-discretion standard. *See Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). " 'Although the abuse of discretion standard usually affords

maximum [deference] to the lower court, no court retains discretion to adopt an incorrect legal rule or to apply an appropriate rule in an inappropriate manner. Such a course of conduct would result in an abuse of discretion.' " *See 2-J Supply, Inc. v. Garrett & Parker, L.L.C*., 4th Dist. Highland No. 13CA29, 2015 -Ohio- 2757, ¶ 9; quoting *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 2013–Ohio–5610, 5 N.E.3d 694, ¶ 16; citing Harsha, William, H., The Substance of Appeals, 17 Ohio Lawyer, No. 6, 17. When applying the abuse-of-discretion standard of review, appellate courts must not substitute their judgment for that of the trial courts. *See In re Jane Doe 1*, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1991). Furthermore, an appellate court must presume that the findings of the trial court are correct because the finder of fact is best able to observe the witnesses and to use those observations to weigh witness credibility. *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984); *see also Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, ¶ 19 (4th Dist.).

{¶9} R.C. 3119.022 governs the procedure for awarding and calculating child support. The statute's overriding concern is to ensure the best interest of the child for whom support is being awarded. *Rock v. Cabral*, 67 Ohio St.3d 108, 110, 616 N.E.2d 218 (1993). Thus, the statute's

provisions are mandatory in nature and courts must follow the statute literally and technically in all material aspects. *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus (1992); *see also Albright v. Albright,* 4th Dist. Lawrence No. 06CA35, 2007-Ohio-3709, ¶ 7. If a trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. *See Rock* at 110; *Albright*; *see also* R.C. 3119.03.

{¶10} Further, as we noted in *Cummin, supra,* at ¶ 19, " '[i]n calculating child support, a trial court must determine the annual income of each of parent.' " *McLaughlin v. Kessler*, 12th Dist. Fayette No. CA2011–09–021, 2012-Ohio-3317, ¶ 13. For an unemployed or underemployed parent, income is the "sum of the gross income of the parent and any potential income of the parent." *Id.*; R.C. 3119.01(C)(5)(b).

{¶11} During the first, direct appeal of this matter, this Court affirmed the trial court's overall calculation of Appellant's annual income, as well as the trial court' determination that Appellant was voluntarily underemployed. We also affirmed the trial court's decision to impute income to Appellant as a result of his voluntary underemployment. As explained above, we ordered a limited remand solely for the purpose of determining how much of Appellant's annual income, as determined by the

trial court to be $258,427.00, constituted imputed income.  The trial court was not ordered, nor was it authorized, to completely recalculate Appellant's annual income, or to revisit its prior decision regarding Appellant's voluntarily underemployment and whether income should be imputed. Those issues had already been determined by the trial court and had been affirmed by this Court on appeal.

{¶12}  However, on remand, it appears the trial court permitted additional testimony regarding Appellant's 2014 annual income and instead of clarifying how much of Appellant's annual income figure was imputed income, the trial court found that Appellant's annual income of $258,427.00 was actual income and did not include any imputed income.  In fact, despite expressly acknowledging, both on the record during the remand hearing and in its remand decision, that the case has been remanded solely for a determination regarding the amount of income that had been imputed, the amount of imputed income was not even addressed by the trial court.  As such, the trial court's remand proceedings were not consistent with this Court's prior decision in this case or our remand order.

{¶13}  "When the issues before the trial court on remand are substantially similar to those involved in the prior appeal, the trial court is bound to follow the determination of the law as found by the appellate

court." *F.M.D. v. Medina* (Apr. 5, 2000), 9th Dist. Medina No. 2962–M, 2000 WL 354115; citing *Nolan v, Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).  An inferior court has no discretion to disregard a superior court's mandate from a previous appeal in the same case. *Nolan* at 5. Furthermore, the court is "without authority to extend or vary from the mandate given." *Id.* at 4.  Additionally, in a case involving a partial remand, the trial court may not try an issue that was not set forth in the appellate court's mandate. *Pingue v. Hyslop*, 10th Dist. Franklin No. 01AP–1000, 2002–Ohio–2879, ¶ 35; quoting *Oliver v. Empire Equip. Co.*, 8th Dist. Cuyahoga No. 48686, 1985 WL 7950, *4 (1985).

{¶14}  In *Nolan*, the appellate court reversed the trial court's decision awarding the parties joint occupancy of the marital home and remanded the matter for further proceedings. *Nolan* at 2.  On remand, the trial court made no finding regarding the right of the occupancy of the marital home and instead restructured the real estate settlement. *Id.*  The appellate court subsequently affirmed the remand decision and the case was appealed to the Supreme Court of Ohio. *Id.* at 3.  Presented with the essential question of whether the trial court "impermissibly exceeded the scope of its authority on remand[,]" the Supreme Court found necessary a review of the "law of the

case" doctrine. *Id.* The *Nolan* court explained the law of the case doctrine as

follows:

> "Briefly, the doctrine provides that the decision of a reviewing
> court in a case remains the law of that case on the legal
> questions involved for all subsequent proceedings in the case at
> both the trial and reviewing levels. *Gohman v. St. Bernard*
> (1924), 111 Ohio St. 726, 730, 146 N.E. 291, reversed on other
> grounds *New York Life Ins. Co. v. Hosbrook* (1935), 130 Ohio
> St. 101, 196 N.E. 888 [3 O.O. 138]; *Gottfried v. Yocum*
> (App.1953), 72 Ohio Law Abs. 343, 345, 133 N.E.2d 389.
>
> The doctrine is considered to be a rule of practice rather than a
> binding rule of substantive law and will not be applied so as to
> achieve unjust results. *Gohman*, supra, 111 Ohio St. at 730-731,
> 146 N.E. 291. However, the rule is necessary to ensure
> consistency of results in a case, to avoid endless litigation by
> settling the issues, and to preserve the structure of superior and
> inferior courts as designed by the Ohio Constitution. *See State,
> ex rel. Potain, v. Mathews* (1979), 59 Ohio St.2d 29, 32, 391
> N.E.2d 343 [13 O.O.3d 17].
>
> In pursuit of these goals, the doctrine functions to compel trial
> courts to follow the mandates of reviewing courts. *See, e.g.,
> State, ex rel. Special Prosecutors, v. Judges* (1978), 55 Ohio St.
> 2d 94, 378 N.E.2d 162 [9 O.O.3d 88]; *Charles A. Burton, Inc.
> v. Durkee* (1954), 162 Ohio St. 433, 123 N.E.2d 432 [55 O.O.
> 247]; *Schmelzer v. Farrar* (1976), 48 Ohio App.2d 210, 212,
> 356 N.E.2d 751 [2 O.O.3d 178]; *Miller v. Miller* (1960), 114
> Ohio App. 234, 235, 181 N.E.2d 282 [19 O.O.2d 108]." *Nolan*
> at 3.

Ultimately, the Supreme Court determined that the sole basis for remand

was the issue of occupancy of the marital home and that the trial court's

decision to instead rework the financial aspects of the marital home

disposition and failure to even address the subject of remand defeated the purposes of the doctrine of law of the case. *Nolan* at 4-5.

{¶15} We conclude that here, much like the *Nolan* case, the trial court's decision on remand to recalculate and re-classify Appellant's annual income as all actual income, instead of determining the imputed amount of income as directed in the remand order, violated the law of the case doctrine and exceeded the scope of the limited remand. As such, Appellant's first assignment of error is sustained and the judgment of the trial court is reversed. Further, we again remand this matter for the limited purpose of determining how much of Appellant's income, as already determined by the trial court to be $258,427.00, constituted imputed income.

## ASSIGNMENT OF ERROR II

{¶16} In his second assignment of error, Appellant contends that the trial court erred in computing his gross income for purposes of the motion to modify child support. Appellant specifically argues that 1) the trial court relied upon inadmissible evidence when imputing $220,000.00 worth of gross income to Appellant; 2) the trial court failed to separately calculate his actual income and the amount of income it was imputing; 3) the trial court erred by including his income from his Coroner's position while also imputing the full salary of a private practice physician; 4) the trial court

erred by failing to credit him with an adjustment for having a resident child; 5) the trial court erred in allocating credits for the provision of health insurance; and 6) the trial court failed to make findings of fact and conclusion of law, despite his timely request.

{¶17} Before we reach the merits of Appellant's arguments under this assignment of error, we must first determine whether the trial court's August 18, 2016 entry constitutes a final appealable order. This Court has previously noted that "[a]n appellate court's jurisdiction over trial court judgments extends only to final orders." *Elliott v. Rhodes*, 4th Dist. Pickaway No. 10CA26, 2011-Ohio-339, ¶ 17; citing Ohio Const. Art. IV, Section 3(B)(2). Section 2505.02(B)(2) defines "a final order that may be reviewed, affirmed, modified, or reversed" as one that "affects a substantial right made in a special proceeding * * *." Further "[a]n order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future." *Koroshazi v. Koroshazi*, 110 Ohio App.3d 637, 640, 674 N.E.2d 1266 (1996); citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). In order to constitute a final order, the order must dispose of the whole case or some separate and distinct branch. *See, e.g., Noble v. Colwell*, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989). Generally, when an order does not

contemplate further action and no other related issues remain pending, the order normally constitutes a final order. *Elliott v. Rhodes* at ¶ 17; citing *In re H.T.-W.,* 6th Dist. Lucas No. L–10–1027, 2010–Ohio–1714, ¶ 7; *see also Christian v. Johnson*, 9th Dist. Summit No. 24327, 2009–Ohio–3863.

{¶18}  As set forth above, this matter was remanded to the trial court for clarification of the amount of income the trial court imputed to Appellant.  However, by agreement of the parties, several new issues were brought before the trial court, including Appellant's oral motion for a modification of child support based upon changed circumstances which included the emancipation of one of the parties' children, as well as the birth of a child between Appellant and his new wife.  The other issues brought before the trial court involved the management of the parties' children's 529 College Savings Plans, and the provision of medical, dental and optical insurance for the children.  Testimony was presented on all of these issues during the remand hearing.

{¶19}  At the conclusion of the hearing, the trial court stated, on the record, that an agreed entry regarding the 529 College Savings Plans needed to be filed, and that an agreed entry regarding the provision of medical, dental and optical insurance coverage needed to be filed.  Further, the trial court expressly stated in its August 18, 2016 entry that it was "still awaiting

the agreed entry from counsel resolving the allocation of medical/dental/optical insurance." Our review of the record indicates that at the time the trial court issued its judgment on August 19, 2016, the issues related to the 529 College Savings Plans and the insurance coverage for the children remained unresolved and pending. Thus, it appears that although the trial court resolved the issues related to Appellant's post-remand, oral motion to modify child support, and despite its language in the entry that the judgment was a final appealable order, the trial court did not resolve these other pending issues. Accordingly, because this case includes multiple claims and the trial court's judgment did not resolve all pending issues, the trial court's decision does not constitute a final, appealable order. *See Elliott, supra,* at ¶ 18. Accordingly, we hereby dismiss this portion of Appellant's appeal. Further, this matter is again remanded for the limited purpose of determining how much of Appellant's income, as already determined by the trial court to be $258,427.00, constituted imputed income.

**JUDGMENT REVERSED IN PART, REMANDED IN PART, AND DISMISSED IN PART.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE REVERSED IN PART, REMANDED IN PART, AND DISMISSED IN PART.  Appellant shall recover costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:   Concurs in Judgment and Opinion as to Assignment of Error I;
              Concurs in Judgment Only as to Assignment of Error II.
Hoover, J.:   Concurs in Judgment Only.

For the Court,

BY:   _____
      Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**