[Cite as *State v. Ogle*, 2018-Ohio-354.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 17CA4 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| MELANIE OGLE | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 01/23/18** |

APPEARANCES:

Melanie Ogle, Rockbridge, Ohio, Pro Se Appellant.

Timothy P. Gleeson, Special Assistant Prosecuting Attorney, Logan, Ohio, for
Appellee.

McFarland, J.

{¶1} Melanie Ogle appeals the trial court's March 17, 2017 judgment entry

which overruled her motion for post-conviction relief pursuant to R.C. 2953.21.

Having reviewed the record, we find that because we have no final appealable

order in this case, we are without jurisdiction to consider the appeal. Accordingly,

we dismiss her appeal.

FACTS

{¶2} *State v. Ogle,* 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2,

12CA11, 12CA12, and 12CA19, 2013-Ohio-3420, contains a lengthy recitation of

the facts surrounding Appellant's felony conviction by a jury of her peers for assault of a peace officer, Hocking County Common Pleas case number 09CR0125. Appellant's sentencing hearing was held on September 27, 2011. The judgment entry of sentence was filed on September 28, 2011.

{¶3} Appellant timely filed notices of appeal of her assault conviction and a subsequent criminal damaging conviction, on various grounds, and the cases were consolidated for the purposes of her direct appeal. *See State v. Ogle,* 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, 12CA19, 2013-Ohio-3420. This court affirmed both convictions.

{¶4} On September 7, 2016, Appellant filed a petition pursuant to R.C. 2953.21, requesting the court to vacate the original September 28, 2011 sentencing entry as an unlawful, unauthorized and void judgment entry of conviction and sentence. On September 16, 2016, Appellant filed a Motion for Final Appealable Order. On March 17, 2017, the trial court overruled her petition. On April 5, 2017, Appellant filed a Motion for Findings of Fact and Conclusions of Law in which she again requested the court to file a final appealable order.

{¶5} Appellant filed a notice of appeal of the trial court's March 17, 2017 entry overruling her petition for post-conviction relief. On May 31, 2017, the trial court issued a Decision which included general findings of fact and conclusions of law, and denied the petition on the basis of res judicata.

ASSIGNMENT OF ERROR

"I.  THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING DEFENDANT-APPELLANT'S SEPTEMBER 7, 2016 PETITION PURSUANT TO ORC 2953.21, BY FAILING TO ADHERE TO JOHNSON V. ZERBST, 304 U.S.458, 567-68, 58 S.CT. 1019, 1024, 82 L.ED 1461 (1938); CARNLEY V. COCHRAN, 369 U.S. 513, 516, 82 S. CTO. 884, 8 L.ED.2D 70 (1962); FARETTA V. CALIFORNIA, 422 U.S. 806, 95 S.CT. 2525, 45 L.ED.2D 562 (1975); STATE V. TYMCIO, 42 OHIO ST.2D 39 (1975); STATE V. GIBSON, 45 OHIO ST.2D 366, 376, 345 N.E.2D 399 (1976); STATE V. GOLSTON, 71 OHIO ST.3D 224, 643 N.E.2D 109 (1994); STATE V. MARTIN, 103 OHIO ST.3D 385 (2004); STATE V. SIMPKINS, 117 OHIO ST.3D 420, 2008-OHIO-1187, 884 N.E.2D 568; STATE V. FISCHER, 128 OHIO ST.3D 92, 2010-OHIO-6238, 942 N.E.2D 332; STATE V. BILLITER, 134 OHIO ST.3D 103, 2012-OHIO-5144; JACKSON V. WICKLINE, 153 OHIO APP.3D 743, 2003-OHIO-4354; STATE V. CUPP, 2016-OHIO-8462, 4TH APPELLATE DISTRICT; STATE V. KLEIN, 2016-OHIO-5315, 4TH APPELLATE DISTRICT; STATE V. HARTLEY, 2016-OHIO-2854, 10TH APPELLATE DISTRICT, AND THE OHIO RULES OF CRIMINAL PROCEDURE RULE 44(A). ET AL., AND VACATING THE UNLAWFUL, UNAUTHORIZED AND THEREFORE, VOID, SEPTEMBER 28, 2011 JUDGMENT ENTRY OF CONVICTION AND SENTENCE, AND SUBSEQUENT ENTRIES AND ORDERS PURSUANT TO THE TRIAL COURT'S UNLAWFUL, UNAUTHORIZED AND VOID SEPTEMBER 28, 2011 JUDGMENT ENTRY OF CONVICTION AND SENTENCE, FOR VIOLATION OF DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS DURING THE TRIAL COURT'S SEPTEMBER 27, 2011 SENTENCING HEARING, WHICH WERE HELD AND ORDERED AGAINST DEFENDANT-APPELLANT CONTRARY TO WELL-ESTABLISHED LAW."

LEGAL ANALYSIS

{¶6} This Court has previously emphasized that "[a]n appellate court's

jurisdiction over trial court judgments extends only to final orders." *Cummin v Cummin*, 4th Dist. Hocking Nos. 16CA19, 16CA20, 2017-Ohio-7877, ¶ 17, quoting *Elliott v. Rhodes,* 4th Dist. Pickaway No. 10CA26, 2011-Ohio-339, ¶ 17; citing Ohio Const. Art. IV, Section 3(B)(2). Section 2505.02(B)(2) defines "a final order that may be reviewed, affirmed, modified, or reversed" as one that "affects a substantial right made in a special proceeding * * *." *Cummin, supra,* quoting *Koroshazi v. Koroshazi,* 110 Ohio App.3d 637, 640, 674 N.E.2d 1266 (9th Dist.1996); citing *Bell v. Mt. Sinai Med. Ctr.,* 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). In order to constitute a final order, the order must dispose of the whole case or some separate and distinct branch. *See, e.g., Noble v. Colwell,* 44 Ohio St.3d 92, 94, 540 N.E.2d 1381 (1989). Generally, when an order does not contemplate further action and no other related issues remain pending, the order normally constitutes a final order. *Cummin, supra,* at ¶ 17; *Elliott v. Rhodes* at ¶ 17; citing *In re H.T.–W.,* 6th Dist. Lucas No. L-10-1027, 2010-Ohio-1714, ¶ 7; *see also Christian v. Johnson,* 9th Dist. Summit No. 24327, 2009-Ohio-3863.

{¶7} "Ohio law requires a trial court to make findings of fact and conclusions of law when it dismisses a petition or denies post-conviction relief on the merits." *State v. Kelly,* 4th Dist. Scioto No. 13CA3562, 2014-Ohio-1020, ¶ 6, quoting *State v. Brooks,* 4th Dist. Scioto No. 09CA3329, 2010-Ohio-3262, ¶ 4; R.C. 2953.21(C) & (G). In *State v. Mapson,* 1 Ohio St.3d 217, 218, 438 N.E.2d

910 (1982), the Ohio Supreme Court held "R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete." *Brooks, supra.* The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion. *Brooks, supra,* citing *State v. Calhoun* 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905.  If the judgment is incomplete without the findings, then the judgment will not constitute a final appealable order. *Brooks, supra. See e.g. State v. McDougald,* 4th Dist. Scioto No. 09CA3278, 2009-Ohio-4417, at ¶ 12, fn. 3; *State v. Speed,* 8th Dist. Cuyahoga No. 85095, 2005-Ohio-1979, at ¶ 2; *State v. Hickman,* 9th Dist. Summit No. 22279, 2005-Ohio-472, at ¶ 10; *State ex rel. Baker v. Common Pleas Court* (Feb. 17, 2000), Mahoning App. No. 830.  In the absence of a final order, an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. *See, generally, State v. McGee,* 8th Dist. Cuyahoga No. 92026, 2010-Ohio-2082, at ¶ 6; *State v. Phillis,* 4th Dist. Washington No. 06CA75, 2007-Ohio-6893, at ¶ 5.

{¶8} Appellant filed a notice of appeal of the Judgment Entry dated March 17, 2017.  The trial court's March 17, 2017 judgment entry does not contain findings of fact and conclusions of law.  The entry states only: "This matter comes to be heard on the Defendant's motion for post conviction relief filed on September

7, 2016.  The Motion is overruled."  Based on the case law set forth above, the March 17, 2017 entry is incomplete.

**{¶9}** As such, the March 17, 2017 entry does not constitute a final appealable order.  Because we have no final appealable order in this case, we are without jurisdiction to consider Appellant's appeal and we must dismiss this appeal.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:   Concurs in Judgment and Opinion.
Abele, J.:   Concurs in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**