**RUNDELL et v BATCH et**

Ohio Appeals, 6th Dist, Lucas Co
No. 2560. Decided July 1, 1931

Tracy, Chapman & Welles, Toledo, for Rundell et.

Ralph Emery, Toledo, for Batch et.

**WILLIAMS, J.**

It is obvious that the pleading sought to be filed, so far as it contained matter not in the original intervening petition, set forth a claim against third parties in favor of the dissolved corporation which should have been brought by the receiver. It is claimed, however, by plaintiffs in error that the receiver is unfriendly toward the bringing of the action and that it was sought by the new pleading to recover for the dissolved corporation and the fund, when recovered, would of course go to the receiver. It is evident that the receiver might find it necessary to bring many actions in settling up the affairs of the dissolved corporation and might be compelled to bring suits in other counties or even other states. The jurisdiction of the Common Pleas Court in proceedings to dissolve a corporation is fixed by §8623-85, **GC.** This section, however, does not require that actions brought by the receiver to recover monies due to the corporation or property or assets belonging to it, should be brought in the action for dissolution. If the receiver had sought to recover money or property for the dissolved corporation, it would have been necessary for him to bring an independent action. In our judgment the plaintiffs in error, desiring to pursue their remedies against the third parties named and the plaintiffs, should file an independent suit for that purpose. The trial court did not commit prejudicial error in refusing leave to file the amended intervening petition and in refusing to make new parties defendant.

It is contended by defendants in error that the order of the court in overruling the motion for leave to file the amended pleading and the motion to make new parties was not a final order. In view of the fact that the order prevented the plaintiffs in error from pursuing their remedy in the action for the dissolution of the corporation and finally determining the rights of the parties so far as the new claims set up in the amended pleading were concerned, we are of the opinion that it was a final order.

The defendants in error have filed a cross-petition in error in which it is contended that the court below erred in allowing the action to be revived and permitting

Edward C. Rundell, executor, and Helen Coghlin Gardner individually and as trustee, to be made parties defendant. We find that this action did not constitute prejudicial error.

As there is no reversible error apparent on the face of the record, the judgment will be affirmed.

LLOYD and RICHARDS, JJ, concur.