IN RE DISSOLUTION OF STANDARD CORP. OF WAPAKONETA, OHIO.

(No. 183—Decided March 5, 1958.)

*Mr. Frank C. Leyshon,* for appellant.

*Mr. Frank A. Klipfel* and *Messrs. Bentley, Cory, Boesel &
Leonard,* for appellees.

GUERNSEY, J.   This appeal is from an order of the Common
Pleas Court determining the claim of Lincoln Plastic Corpora-
tion, hereinafter referred to as Lincoln, in a proceeding initiat-
ed on February 25, 1955, under former Section 1701.93 of the
Revised Code, for the voluntary dissolution of the Standard
Corporation of Wapakoneta, Ohio, hereinafter referred to as
Standard.   The claim was heard by the court on a stipulation,
on the testimony of one witness offered by the claimant, and on
the professional statement of Standard's attorney.   It was
stipulated that:

1. Lincoln is indebted to Standard in the sum of $8,092.21.

2. Lincoln's claim against Standard is in the amount of
$7,496.84, a portion of said claim being in dispute.

3. The portion of the claim disputed is for the value of
property belonging to Lincoln being processed by Standard and
for the value of tools, masks, fixtures and other property be-
longing to Lincoln, all of which was destroyed on April 10, 1954,
by a fire which consumed Standard's plant at Wapakoneta.

4. The value of Lincoln's property thus destroyed was
$3,881.79.

5. If Standard is liable to Lincoln for the value of the prop-
erty thus destroyed Lincoln's claim should be allowed in full.

6. If Standard is not liable to Lincoln for the value of the
property thus destroyed Lincoln's claim should be allowed in the
amount of $3,615.05 only.

The pertinent testimony of the single witness, in addition
to that reflecting on some of the facts stipulated, was to the ef-
fect that the tools, masks, fixtures and "other property" of
Lincoln mentioned in the stipulation were used by Standard in
the processing of plastic parts belonging to Lincoln, the cost of

processing to be paid for by Lincoln; that following the fire it was indicated by Standard to Lincoln that Standard hoped that Lincoln's property would be covered by Standard's insurance and that an insurance settlement would be forthcoming to reimburse Lincoln for its loss; and that after the fire new or repaired tools, masks and fixtures were furnished by Lincoln to Standard and the processing contract was completed by Standard in another building. The professional statement of Standard's attorney was to the effect that he had participated in the settlement and adjustment of all insurance claims made by Standard against its carriers and that in the settlement of these claims Standard had not received any money whatsoever for the loss to it or Lincoln of the property belonging to Lincoln. No evidence whatsoever was submitted by either Lincoln or Standard as to the circumstances or cause of the fire which destroyed the property.

On this state of the evidence, the lower court found that Standard was not liable to Lincoln for the value of the destroyed property and rendered judgment in favor of Standard and against Lincoln in the amount of $4,477.16 (being the difference between the indebtedness from Lincoln to Standard and the amount thus found due from Standard to Lincoln). Lincoln now claims that the court erred:

1. In finding Standard indebted to Lincoln in the sum of $3,615.05, and rendering judgment against Lincoln in the sum of $4,477.16.

2. In not finding Standard indebted to Lincoln in the sum of $7,496.84, and in not rendering judgment against Lincoln in the sum of $595.37.

These assignments of error complement each other and will be considered together.

The relationship of bailor and bailee existing between Lincoln and Standard was one which arose for their mutual benefit and Standard was charged with a duty of exercising ordinary care in safeguarding the bailed property. See 7 Ohio Jurisprudence (2d), 112, Bailments, Section 28, and authorities therein cited.

The Supreme Court of Ohio held in the case of *Agricultural Ins. Co.* v. *Constantine,* 144 Ohio St., 275, 58 N. E. (2d), 658, that:

"4. In an action by a bailor against a bailee based upon a breach of the contract of bailment, where the bailor proves delivery of the bailed property and the failure of the bailee to redeliver upon legal demand therefor, a *prima facie* case of want of due care is thereby established and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver.

"5. Where the bailee proves loss of the property by *theft*, but attempts no explanation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not thereby rebut the presumption of negligence or want of due care arising from the failure to redeliver."

In that case the plaintiff neither alleged nor attempted to prove negligence and the court concluded that plaintiff's action was based upon a breach of contract. In this case Lincoln has neither alleged nor attempted to prove negligence and this court is likewise of the opinion that the claim sounds in contract. We are further of the opinion that where the evidence, as here, shows that the bailor's goods were totally destroyed by fire, and the bailor was so informed by the bailee, no formal demand for redelivery is necessary. See *Cody* v. *Miller*, 91 Ohio App., 36, 102 N. E. (2d), 727, appeal dismissed, 156 Ohio St., 246.

On these authorities, we are of the opinion that the trial court erred prejudicially to the claimant in its determination that Standard was not liable to Lincoln for the value of Lincoln's property in Standard's possession destroyed by the fire. We are not concerned with the appellee's contention that the matter of Standard's negligence is first raised by Lincoln in this court, for an examination of, the original papers in this action reveals that the question of Standard's negligence was briefed by Lincoln in the lower court.

Lincoln claims also that Standard was negligent in not insuring Lincoln's property in the same manner it insured its own property. Suffice it to say that if such constitutes negligence the same was not the proximate cause of the loss complained of.

Lincoln claims further that by making the representations it did after the fire and thereupon fulfilling its contract Standard

thereby assumed Lincoln's loss as a debt. We will not consider this claim of liability for we deem same contrary to the agreements of the parties as to liability contained in the stipulation entered in evidence.

This court is further of the opinion that the lower court also committed error prejudicial to the claimant in rendering a money judgment in favor of Standard and against Lincoln. By making its claim against Standard in a proceeding under Section 1701.93, Revised Code, Lincoln did not thereby submit itself to the jurisdiction of the court for the rendering of judgment against it for any sums due from it to Standard in excess of the amount due from Standard to Lincoln. This is particularly true when, as in this case, there is no claim made or process issued by Standard for judgment against Lincoln. It would no doubt be proper that the amount of any claim approved in favor of Lincoln should be reduced by the amount acknowledged to be due from Lincoln to Standard, provided that no unlawful preferences thereby occur, but no judgment for the excess could normally be rendered against Lincoln except by virtue of an independent action. See *Rundell, Exr.*, v. *Batch*, 42 Ohio App., 204, 181 N. E., 278.

For the reasons mentioned, the judgment of the lower court is hereby reversed and final judgment is hereby rendered in favor of Lincoln approving its claim in the full amount thereof, such amount, however, to be subject to setoff by the amount of indebtedness admittedly due from Lincoln to Standard.

*Judgment reversed.*

MIDDLETON, P. J., and YOUNGER, J., concur.