[Cite as *Cuyahoga Cty. Case Mgt. v. Clark Indus. Insulation Co.*, 2021-Ohio-1405.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CUYAHOGA COUNTY CASE             :
MANAGEMENT, ET AL.,
                                 :
      Plaintiffs-Appellees,
                                 :            No. 109218
      v.
                                 :
CLARK INDUSTRIAL INSULATION
COMPANY,                         :

      Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** April 22, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. SD-97-073958

---

### *Appearances:*

Kelley & Ferraro, L.L.P., Shawn M. Acton, and Edward J. Kelley, III; *for appellees* All Kelley & Ferraro, L.L.P. Asbestos Cases.

McDermott & Hickey, L.L.C., Anthony Gallucci, Christopher J. Hickey, and Kevin E. McDermott, *for appellees* All McDermott & Hickey, L.L.C., Asbestos Cases.

Bevan & Associates, L.P.A., Inc. and Thomas W. Bevan, *for appellees* All Bevan & Associates L.P.A., Inc. Asbestos Cases.

Kelley Jasons McGowan Spinelli Hanna & Reber, L.L.P., John A. Valenti, and John A. Kristan, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Clark Industrial Insulation Co. ("Clark"), appeals the trial court's decision extending the five-year statutory time under R.C. 1701.88(A), and appointing a receiver to accept service of process, submit claims to insurers, and wind-up Clark's affairs as a dissolved corporation. For the reasons that follow, we reverse the trial court's decision.

## I. Factual Background and Procedural History

{¶ 2} Clark was generally in the business of selling and installing thermal insulation and related products, some of which contained asbestos. Due to the hazardous nature of asbestos to human health, Clark has been actively defending itself for several decades in Ohio asbestos personal injury litigation. In 1996, Clark ceased doing business and its assets were sold. In 2005, Clark filed for bankruptcy; the action was subsequently dismissed. Clark voluntarily dissolved effective October 30, 2014, and it has no noninsurance assets of any kind. However, it has insurance policies with Cincinnati Insurance Company that have historically covered Clark's asbestos-related liabilities.

{¶ 3} R.C. 1701.88 allows individuals and entities to submit claims and commence litigation against a dissolved corporation for five years after its dissolution. For the past five years, Clark has actively defended lawsuits and settled claims, including actions filed under the Cuyahoga County's Specialized Asbestos

Docket. However, this five-year period was set to expire on October 30, 2019. Accordingly, three law firms — Kelley & Ferraro, L.L.P., McDermott & Hickey, L.L.C., and Bevan & Associates, L.P.A. — on behalf of all current and future clients with asbestos-related claims against Clark — filed nearly identical motions with the Cuyahoga County Common Pleas Court Specialized Asbestos Court for the appointment of a receiver to wind-up Clark's corporate affairs. The motions not only sought the appointment of a receiver, but also requested the court, pursuant to R.C. 1701.88(A), to extend the five-year statutory period that allows Clark to continue operating as a corporation. Each of these motions was filed under the Specialized Asbestos Court Case Management Docket No. 073958. The court consolidated the motions for consideration, and captioned them "All Kelley & Ferraro, L.L.P. Asbestos Cases; All McDermott & Hickey, L.L.C., Asbestos Cases, and All Bevan & Associates, L.P.A. Asbestos Cases" (collectively "appellees").

{¶ 4} According to the appellees, R.C. 1701.88 and 1701.89 authorized the trial court to extend the time to wind-up Clark's corporate affairs for the purposes of "allow[ing] [existing] claims against Clark to proceed," and "anticipated * * * additional claims [that] will arise against Clark after" the expiration of the five-year statutory period. After extensive briefing and a hearing, the trial court granted appellees' motions, and extended the period for commencing actions against Clark from October 30, 2019 to October 30, 2024. The trial court also appointed a receiver to oversee Clark's unexhausted insurance policies and manage its affairs related to the ongoing product liability suits. In addition to other duties, the court ordered the

receiver to accept service of process, submit all claims, and wind-up Clark's affairs. Additionally, the court ordered that the receiver be compensated from nonparty Cincinnati Insurance Company.

{¶ 5} Clark now appeals, raising four assignments of error, which will be addressed out of order and together where appropriate.

## II. Extension of Time

{¶ 6} In its third assignment of error, Clark contends that the trial court erred in extending the five-year statutory period that allows Clark to continue acting as a corporation for winding-up its affairs following a voluntary dissolution. It contends that the trial court improperly applied the provisions of R.C. 1701.88 and 1701.89.

{¶ 7} Whether a trial court has properly applied a statute is a question of law that an appellate court reviews de novo. *State v. Brown*, 161 Ohio St.3d 276, 2020-Ohio-4623, 162 N.E.3d 769, ¶ 7, citing *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, 11 N.E.3d 1175, ¶ 9.

### A. Jurisdiction

{¶ 8} R.C. 1701.88(A) provides that when a corporation voluntarily dissolves, it shall continue as a corporation for a period of five years from dissolution for the purposes of winding-up its affairs. This five-year period may be extended, however, by "a court acting pursuant to section 1701.89 of the Revised Code." R.C. 1701.88(A). Accordingly, the first issue this court must consider is whether the trial court was "acting pursuant to R.C. 1701.89."

**{¶ 9}** R.C. 1701.89(A) provides:

Without limiting the generality of its authority, the court of common pleas of the county in this state in which the principal office of a voluntary dissolved corporation is located, in which the principal office was to be located, or in which the principal office of a corporation whose articles have been canceled or whose period of existence has expired is located, upon the complaint of the corporation, a majority of the directors, or a creditor or claimant, and upon such notice to all the directors and such other persons interested as the court considers proper, at any time may order and adjudge in respect to all of the following matters: * * *.[1]

**{¶ 10}** Under R.C. 1701.89, the first jurisdictional consideration is whether the trial court is the "court of common pleas of *the county* in this state in which the principal office of a voluntary dissolved corporation *is located*, in which the principal office *was to be* located, or in which the principal office of a corporation whose articles have been canceled or whose period of existence has expired is located." (Emphasis added.)  R.C. 1701.89(A).

**{¶ 11}** R.C. 1701.86(F)(4) provides that the certificate of dissolution shall set forth "the place in this state where the principal office *is or is to be* located." (Emphasis added.)  By also including the phrase "is to be," the General Assembly contemplated that the principal office of a corporation during the winding-up

---

[1] Following this jurisdictional paragraph, the statute then lists twelve enumerated matters that the court has authority to order and adjudicate.  R.C. 1701.89(1)-(12). Specific to this case, the appellees identified subsections (2), (4), and (9), which authorize the presentation and proof of all claims and demands against the corporation's property; settlement and determination of all claims of every nature against the corporation; and the appointment of a receiver as an equitable remedy to wind-up the affairs of the corporation.

process postdissolution may be different than at the time it was or was to be operating as a corporation. This is what has occurred in this instance.

{¶ 12} Clark was incorporated in 1920. According to the Articles of Incorporation filed with the secretary of state, Clark's principal office was located in Cuyahoga County. In 1996, Clark ceased operations, and it formally dissolved effective October 30, 2014. Clark's certificate of dissolution, which the appellees attached to their motion to appoint a receiver, reported that Clark's "principal office" *is located* in Chesterland, Ohio, which is in Geauga County. Additionally, the "Notice of Dissolution to Creditors and Claimants against Corporation (pursuant to R.C. 1701.87)" also lists the Chesterland mailing address. Accordingly, pursuant to the filings with the Ohio secretary of state, Clark's principal office *is located* in Geauga County, not Cuyahoga County. The Cuyahoga County Common Pleas Court would not have jurisdiction over Clark "to act pursuant to R.C. 1701.89(A)."

{¶ 13} Despite Clark's notification that its principal office is located in Geauga County, the record could cause some confusion as to Clark's principal office during dissolution. The responses to the interrogatories attached to each appellee's motion with the trial court do not specifically identify that Clark's principal office is located in Geauga County. Specifically, in Interrogatory 2, David Welty, secretary of Clark, was asked to identify "(c) The address of your principal place of business." Welty responded: "(c) Clark Industrial Insulation Co. currently has no principal place of business. Historically, its principal place of business had been 1893 East 55th Street, Cleveland, OH 44103." It must be remembered, however, that these

interrogatories were answered relating to a products liability complaint filed by an individual claimant and against multiple defendants alleged to have caused asbestos-related injury. The interrogatories were not answered in response to any complaint for dissolution or judicial supervision of Clark's dissolution under R.C. 1701.89(A). And despite this answer, the secretary of state filings clearly indicate that Clark's principal office for purposes of dissolution is in Geauga County.

{¶ 14} Although Cuyahoga County is the county in which Clark's principal office or place of business *was* located when it operated as a corporation, R.C. 1701.89(A) does not confer jurisdiction to the common pleas court where the principal office *was* located. Rather, the plain language of R.C. 1701.89(A) also gives jurisdiction to "the common pleas court * * * in which the principal office *was to be* located." (Emphasis added.) The words "was to be" convey something that was supposed to occur, as opposed to something that actually occurred. The General Assembly could have easily given jurisdiction to the common pleas court in which the principal office *was* located. However, it chose not to do so, and a basic rule of statutory construction requires this court to "'give effect to the General Assembly's intent as expressed in the language it enacted.'" *State v. Bryant*, 160 Ohio St.3d 113, 2020-Ohio-1041, 154 N.E.3d 31, ¶ 22, quoting *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235, ¶ 17; *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902) (the question is not what the General Assembly intended to enact, but what is the meaning of that which it did enact).

{¶ 15} Even if this court concluded that the Cuyahoga County Common Pleas Court is the appropriate venue, we further find that the second jurisdictional requirement of R.C. 1701.89(A) has not been satisfied. The statute also requires that the court's jurisdiction is invoked "upon *complaint* of the corporation, a majority of the directors, or a creditor or claimant, *and upon notice* to all the directors and other such persons interested as the court considers proper." (Emphasis added.) R.C. 1701.89(A). In this case, the request to oversee Clark's voluntary dissolution for purposes of extending the statutory time was through a motion to appoint a receiver, not a complaint, as required. A complaint for judicial supervision or oversight of a dissolved corporation's affairs and the authority to act under R.C. 1701.89 is a prerequisite, or a condition precedent, that must occur prior to a court having the authority to extend the statutory period for winding-up a corporation's affairs under R.C. 1701.88(A). *See* R.C. 1701.88(E) (at any time during the winding-up of its affairs, the corporation by its directors may make application to have the winding-up continued under the supervision of the court, as provided in section 1701.89 of the Revised Code); R.C. 1701.881(A) and (B) (require a claim-rejected claimant to file an action under R.C. 1701.89 to enforce the claim or be forever barred); R.C. 1701.881(C) (allows a corporation to file an application under R.C. 1701.89). Accordingly, the trial court's jurisdiction was not properly invoked for it to "act pursuant to R.C. 1701.89" when the appellees filed motions for a receiver.[2]

---

[2] Moreover, the record provided to this court is devoid of any "notice" sent to the directors, as required, that the appellees were seeking judicial supervision of the dissolved corporation's affairs.

{¶ 16} Our conclusion is supported by the authority upon which the appellees rely and direct this court to consider. The appellees supported many of their arguments with the 2012 Ohio State Bar Association's Corporation Committee's comments on H.B. 48 — the legislation that changed the laws governing corporations. The Committee's comments regarding the changes to R.C. 1701.88 provide:

> Changes to division (A) establish an outside date of five years for a corporation to complete its winding-up or obtain reinstatement of its articles. The time period can be extended *by a court that is overseeing a dissolution under Section 1701.89*. Division (B) clarifies the right of the corporation to pursue claims and establishes an outside date of five years after the dissolution for claimants to bring claims against the corporation. Division (D)(15) delineates the directors' obligation to make provision for claims that have not been made known to the corporation or have not arisen but that, based on facts then known to the corporation, are likely to arise. *See* comment to Section 1701.86.

(Emphasis added.) Accordingly, pursuant to the authority cited by the appellees,' the authority to extend the statutory time period is granted to "a court that is overseeing a dissolution under [R.C.] 1701.89." *See also* 1 *Ohio Real Property Law and Practice*, Section 6.14 (1)(c) ("For purposes of winding-up its affairs, a dissolved corporation shall continue as a corporation for a period of five years from the date of dissolution, subject to extension by the court that is overseeing the dissolution under [R.C. 1701.89].").

{¶ 17} The relevant case law demonstrates that where courts were overseeing the affairs of a voluntarily dissolved corporation, an action for judicial supervision was filed under a separate complaint. *See, e.g., Schalmo Constr., Inc.,*

*v. Bonamase Contracting*, 5th Dist. Stark No. 2009-CA-00037, 2009-Ohio-4953 (the corporation filed an action pursuant to R.C. 1701.89 seeking protection by the common pleas court while it wound up its affairs under R.C. 1701.88); *Palenshus v. Smile Dental Group, Inc.*, 3d Dist. Crawford No. 03-02-46, 2003-Ohio-3095 (filed a dissolution action under R.C. 1701.89); *Hare & Chase, Inc. v. Bankers' Discount Corp.*, 1st Dist. Hamilton Nos. 6102 and 6103, 56 N.E.2d 943 (1942) (action for dissolution prompted judicial supervision). *See also* Committee's comments on R.C. 1701.881 ("a claimant can initiate court proceedings [under R.C. 1701.89] to determine what the claimant is entitled to receive. The corporation also has the right to seek a determination [with the court acting under R.C. 1701.89]").

{¶ 18} Our review of the relevant case law yields no results where a claimant or creditor filed a *motion* or *request* under an existing cause of action to invoke the jurisdiction of the common pleas court pursuant to R.C. 1701.89 to supervise a voluntary dissolution of a corporation. In fact, courts have held that in a dissolution proceeding under former R.C. 1701.93, now R.C. 1701.89, it is error for a court to act beyond matters that affect solely the dissolution process. *See In re Dissolution of Std. Corp.*, 106 Ohio App. 506, 155 N.E.2d 485 (3d Dist.1958) (the court erred in entering judgments against creditors or claimants of the dissolved corporations; those actions are independent of the dissolution proceedings); *Rundell v. Batch*, 42 Ohio App. 204, 181 N.E. 278 (6th Dist.1931) (claimants against corporation in dissolution proceedings should file independent suits against debtors or holders of corporation's property and not make them parties to dissolution action; a receiver

would also have to file an independent action to recover money or property on behalf of the dissolved corporation). These cases illustrate that the proceedings under R.C. 1701.89 are limited to those for the supervision of winding-up of affairs of the voluntarily dissolved corporation; they are not in furtherance of independent actions, including product liability tort actions.

{¶ 19} As previously discussed, the appellees filed a *motion* to appoint a receiver and passively requested in that motion that the trial court extend the statutory period under R.C. 1701.88 and 1701.89. This procedural maneuver is not what the General Assembly envisioned when drafting R.C. 1701.89, which allows a court to intervene or supervise the voluntary dissolution of a corporation. Rather, a complaint under R.C. 1701.89 is independent of a products liability complaint that alleges injury from asbestos exposure. And even considering any "complaint(s)" that the appellees have filed on behalf of their existing clients with the asbestos court, those actions were ones for products liability — they were not filed requesting that the court intervene or oversee the winding-up of affairs of Clark, a voluntarily dissolved corporation.

{¶ 20} We agree with the appellees that the General Assembly has granted courts of common pleas broad authority through R.C. 1701.89 to become involved in a corporation's winding-up process. However, in order to become involved in that process, the jurisdictional requirements and procedures of R.C. 1701.89 must be satisfied. In this case, they were not. Therefore, the trial court was not "acting pursuant to R.C. 1701.89(A)," and thus, it erred in extending the statutory period in

which individuals may bring claims against a voluntarily dissolved corporation. Moreover, because the trial court did not have jurisdiction under R.C. 1701.89, it did not have authority to under subsection (A)(9) to appoint a receiver to wind-up Clark's affairs as a voluntarily dissolved corporation.

## B. Application of R.C. 1701.88

{¶ 21} Even if this court were to find that the jurisdictional requirements of R.C. 1701.89 were satisfied, we would still find that the trial court misapplied R.C. 1701.88 for the purposes sought by the appellees — to ensure that pending actions can proceed beyond the five-year statutory period and that Clark can be sued beyond the five-year statutory period, when individuals get sick allegedly from Clark's asbestos-containing products.

{¶ 22} First, it must be noted that the parties do not direct this court to any prior instance in which the specialized asbestos court, or any court for that matter, extended the five-year statutory period for the purposes of allowing potentially injured parties to file actions against a voluntarily dissolved corporation. Our review of the relevant statutes and case law also do not lead to the discovery of any court extending the statutory period for these purposes.

{¶ 23} Additionally, there is no dispute that R.C. 1701.88(C) already provides a remedy for those individuals who currently have a lawsuit pending against Clark. That section provides, in relevant part:

> [A]ny action, suit, or proceeding begun by or against the corporation within the time limits established in (B) of this section shall not abate, and the corporation shall, solely for the purposes of such action, suit, or proceeding, be continued as a body corporate beyond the five-year

> period until any judgments, orders, or decrees are fully executed, without the necessity for any court order required under division (A) of this section.

R.C. 1701.88(C). Under this section, the corporation continues to act as a corporation for purposes of pending litigation, and no court order is required under R.C. 1701.89(A) for the purpose of extending the corporate body. Accordingly, insofar as the appellees requested the trial court to extend the statutory period to ensure that pending actions can proceed beyond the five-year period, the remedy already exists and extending time for this purpose was in error.

{¶ 24} The disputed issue is whether the trial court properly extended the statutory period to file actions that will or may arise against Clark after the initial five-year period but before the maximum ten-year period.

{¶ 25} "A corporation may sue and be sued," but the legal ability to sue is dependent upon the legal existence of the corporation. R.C. 1701.13(A). *Grimmer v. Shirilla*, 2016-Ohio-5423, 76 N.E.3d 363, ¶ 31 (8th Dist.) The corporation exists from the time the articles of incorporation are filed with the secretary of state until the corporation is wound up, or for a period of five years after dissolution (unless judicially extended), whichever is later. *See* R.C. 1701.04(D), 1701.88(A).[3] However, R.C. 1701.88(B) establishes an outside date of five years when an action may be brought against a dissolved corporation. That section provides, in relevant part:

---

[3] A court, acting pursuant to R.C. 1701.89(A), may extend the five-year period to continue as a corporation to wind-up its affairs, but not to exceed ten years after the date of dissolution. R.C. 1701.88(A) and (D)(15).

The voluntary dissolution of a corporation * * * or other action to dissolve a corporation under this chapter shall not eliminate or impair any remedy available to or against the corporation * * * for any right or claim existing, or liability incurred prior to the dissolution, if [any other person] brings such an action * * * before five years after the date of dissolution or within the time limits otherwise required by section 1701.881 * * * or any other provision of law, *whichever is less*. [4]

{¶ 26} What is noticeably absent is any mention of the extension of the five-year period authorized under R.C. 1701.88(A) to extend the time for which a person or entity may bring an action against the dissolved corporation. This is because Divisions (A) and (B) of section R.C. 1701.88 address two different postdissolution five-year periods that exist for two different purposes.

{¶ 27} The five-year period set forth in division (A) of R.C. 1701.88 is a period of time in which the corporation is permitted to continue to exist as a corporate body postdissolution, solely for the purpose of winding-up its affairs. That division provides in relevant part:

When a corporation is dissolved voluntarily * * * the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs * * * and for such purposes it shall continue as a corporation for a period of five years from the dissolution, expiration, or cancellation. A court acting pursuant to section 1701.89 of the Revised Code may extend the five-year period allowed under this division.

R.C. 1701.88(A).

{¶ 28} The express language of division (A) of R.C. 1701.88 limits the extension of the five- year period by a court, acting under R.C. 1701.89, to that period

---

[4] R.C. 1701.881 governs a dissolved corporation's procedure in the rejection or satisfaction of claims.

"allowed under this division," i.e., to the period within which the corporation may exist for the purposes of winding-up its affairs.

{¶ 29} Division (B) of R.C. 1701.88 sets forth a separate five-year period in which persons must commence an action against the corporation. Under this division, no provision exists that extends the five-year limitation period for bringing actions against a corporation. In fact, in division (B)(2), the legislature clearly set a firm outside date of five-years by including the language "whichever is less" when describing the deadline to bring an action against a dissolved corporation. Accordingly, a distinction exists between the time within which a corporation may continue to act as a corporation for purposes of winding-up its affairs under division (A), and the time within which persons must commence actions against the corporation postdissolution under division (B).

{¶ 30} Appellees argue on appeal, as they did in the trial court, that R.C. 1701.88(D)(15) and 1701.89(A)(2) and (4) demonstrate that the authority to extend the five-year time period in division (A) also applies to the five-year time period in division (B). Appellees' reliance is misplaced.

{¶ 31} According to the appellees, R.C. 1701.88(D)(15) expressly allows for future claims and actions to be made against a dissolved corporation beyond the five-year period when those claims, based on facts known to the corporation, are likely to arise or become known. We disagree.

{¶ 32} R.C. 1701.88(D)(15) provides, in relevant part:

(D) The directors of the corporation and their successors shall act as a board of directors in accordance with the articles and regulations until the affairs of the corporation are completely wound up. Subject to the orders of the courts of this state having jurisdiction over the corporation acting pursuant to [R.C. 1701.89], the directors shall proceed as speedily as practicable to a complete winding-up of the affairs of the corporation. For that purpose, the directors may exercise all the authority of the corporation. Without limiting the generality of such authority, they may do all of the following:

* * *

(15) Distribute the remainder of the assets either in cash or in kind among the shareholders according to their respective rights and interests after paying or adequately providing for the payment of all known obligations of the corporation under section 1701.882 of the Revised Code and for claims that have not been made known to the corporation or that have not arisen but that, based on facts known to the corporation, are likely to arise or to become known to the corporation within five years after the date of dissolution or such longer period of time as the directors or a court acting under section 1701.89 of the Revised Code may determine, not to exceed ten years after the date of dissolution.

{¶ 33} This language only allows the directors or the court, acting pursuant to R.C. 1701.89, to extend the time for the winding-up of the corporation's affairs if additional time is needed to determine the assets necessary to provide for payment to unknown but expected claimants. *See* R.C. 1701.881(C) (allows a dissolved corporation to seek a court determination of the amount and form of insurance or security to (1) sufficiently provide compensation for any claimant who rejected the corporation's offer of security, or (2) will be reasonably likely to be sufficient to provide compensation for unknown but expected claimants). Nowhere in this subsection does it permit a court to extend the five-year period under R.C. 1701.88(B)(2) for persons to bring "an action" against the dissolved corporation.

{¶ 34} R.C. 1701.89(A)(2) and (4) equally do not permit a court to extend the five-year period under R.C. 1701.88(B) for persons to bring "an action" against a dissolved corporation. R.C. 1701.89(A)(2) and (4) give the court, acting pursuant R.C. 1701.89, the authority to order and adjudge:

> (2) The presentation and proof of all claims and demands against the corporation and of all rights, interests, or liens in or on any of its property including property described in division (F) of section 1701.88 of the Revised Code; the fixing of the time within which and the manner in which such proof shall be made and the person to whom such presentation shall be made; and the barring from participation in any distribution of assets of all persons failing to make and present proofs as required by the order of the court;
>
> * * *
>
> (4) The settlement or determination of all claims of every nature against the corporation or any of its property; the determination of the assets required to be retained or insurance to be obtained to pay or provide for the payment of such claims or any claim; the determination of the assets available for distribution among shareholders; and the making of new parties to the proceeding so far as the court considers proper for the determination of all matters.

{¶ 35} These subsections discuss the court's authority over "claims"; they do not permit the court to extend the time within which to bring "an action" against the corporation under R.C. 1701.88(B). The legislature clearly used the terms "claims" and "action" to convey different meanings under the corporation dissolution statutes. The provisions relating to persons bringing claims or asserting claims against a voluntarily dissolved corporation are not synonymous with persons bringing "an action" against a dissolved corporation. To hold otherwise would render the legislature's distinction superfluous. *See State ex rel. Myers v. Bd. of Edn. Rural School Dist. of Spencer Twp. Lucas Cty.*, 95 Ohio St. 367, 372-373, 116

N.E. 516 (1917) (statutory language "must be construed as a whole and given such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.").

{¶ 36} Accordingly, the trial court misapplied the extension provision contained in R.C. 1701.88(A) to extend the statutory time for filing actions against a dissolved corporation under R.C. 1701.88(B).

{¶ 37} Clark's third assignment of error is sustained.

## III. Appointment of a Receiver

{¶ 38} In its first and second assignments of error, Clark contends that the trial court abused its discretion in appointing a receiver because (1) the appellees failed to show by clear and convincing evidence that appointment was necessary; and (2) Clark has no assets or affairs for the receiver to manage. It also asserts in its fourth assignment of error that it was an abuse of discretion to order the receiver to be compensated through the Cincinnati Insurance policy.

{¶ 39} In its first assignment of error, Clark contends that the trial court abused its discretion by appointing a receiver where the appellees failed to produce clear and convincing evidence of the necessity of a receiver to protect appellees' rights from irreparable harm. Appellees contend that they were not required to demonstrate that the appointment of a receiver was necessary. Rather, they maintain that a trial court can appoint a receiver under its broad discretion "to

ensure that Clark can continue to be sued and that Clark's insurers continue to honor the relevant insurance policies." (Appellees' Brief p. 19).

{¶ 40} Appellees requested that the trial court appoint a receiver pursuant to R.C. 1701.89(A)(9) and 2735.01.[5] Although the trial court acknowledged its authority to appoint a receiver under R.C. 1701.89(A)(9), the court specifically granted appellees' motions "pursuant to R.C. 2735.01(A)(6) and (7)." *See* Oct. 24, 2019 Order, paragraph J.

{¶ 41} R.C. 2735.01 permits a court to appoint a receiver under certain circumstances. In this case, the appellees requested that a receiver be appointed pursuant to R.C. 2735.01(A)(6), which is allowed:

> (6) When a corporation, limited liability company, partnership, limited partnership, or other entity has been dissolved, is insolvent, is in imminent danger of insolvency, or has forfeited its corporate, limited liability company, partnership, limited partnership, or other entity rights.

Although not specifically requested by appellees in their motion, the trial court also cited to R.C. 2735.01(A)(7), which allows a trial court to appoint a receiver "in all other cases in which receivers have been appointed by the usages of equity."

{¶ 42} The trial court is vested with sound discretion to appoint a receiver. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991). A trial court's authority to appoint a receiver under R.C. 2735.01, however, is not unfettered. *See Ralls v. 2222 Intl. L.L.C.*, 8th Dist. Cuyahoga No. 109314, 2019-

---

[5]Appellees further cited R.C. 1701.90 in its motion. This statute does not provide authorization to appoint a receiver but provides the appropriate authority for the receiver when a receiver is appointed to wind-up the affairs of a dissolved corporation.

Ohio-4261, ¶ 16 (appointment of a receiver is not a matter of right). Although such an appointment is discretionary, "the appointment of a receiver is the exercise of an extraordinary, drastic, and sometimes harsh power which equity possesses, and is only to be exercised where the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury." *Hoiles v. Watkins*, 117 Ohio St. 165, 174, 157 N.E. 557 (1927). This court has consistently held that because appointment of a receiver is "such an extraordinary remedy," the need for a receiver must be established by clear and convincing evidence. *Telecom Acquisition Corp. I v. Lucic Ents.*, 8th Dist. Cuyahoga No. 102067, 2015-Ohio-2703, ¶ 8, citing A*m. Ent. Bank v. Garfield Hts. Prop., L.L.C.*, 8th Dist. Cuyahoga No. 98646, 2013-Ohio-2526; *see also 2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995, ¶ 14.

{¶ 43} In this case, the appellees asked the court to appoint a receiver and asserted that Clark had assets in the form of unexhausted insurance policies with Cincinnati Insurance. However, the appellees offered no further explanation as to why a receiver was appropriate or necessary; the motion merely recited the relevant statutory authority for the appointment of a receiver. In response, Clark contended that the appellees failed to demonstrate that a receiver was necessary. It further maintained that its only "assets" are unexhausted liability insurance proceeds, and pursuant to relevant case law, those proceeds are not subject to receivership.

{¶ 44} In order to be entitled to the appointment of a receiver, the appellees were required to first show that they met the criteria of R.C. 2735.01, and in addition,

that their rights in Clark's property or assets were in danger of being irreparably damaged absent the appointment of a receiver. Even though the appellees met the broad criteria under R.C. 2735.01 for the appointment of a receiver, they presented no justification for the appointment of a receiver. There was no allegation that the statutory agent had a history of failing to accept or present claims as requested or delaying the presentation of claims. In fact, the record demonstrates that Clark had been actively and consistently participating in litigation, settling many claims over the years, with the settlements being paid through its liability insurance policies. No allegations were raised before the trial court of any danger of irreparable harm to appellees, or that Clark had refused or will refuse to abide by any court orders, including if the court determined that the extension of the statutory time under R.C. 1701.88 was lawful and appropriate.

{¶ 45} On appeal, the appellees cite to Clark's counsel's statement at the motion hearing as support that the trial court's decision was proper and that irreparable harm may occur, because Clark's counsel indicated that Clark would no longer participate in litigation after the five-year statutory period expired. (Tr. 33-34.) Our review of counsel's isolated statement demonstrates that it appears to have been taken out of context. The comment was directly related to counsel's assertion that there was no basis for appointing a receiver because Clark had no assets for a receiver to administer, the claims were currently being presented through Clark's statutory agent, and the five-year winding-up period expired on October 30, 2019. Counsel was correct — unless the statutory period of time was extended by the trial

court, Clark would no longer be legally obligated or even be permitted to participate in new litigation filed after the statutory five-year period because Clark would cease to carry on as a corporation. *See* R.C. 1701.88(C).

{¶ 46} The crux of this case is the court's decision to extend the statutory period under R.C. 1701.88(A). In fact, it appears that counsel for one of the appellees admitted that the appointment of a receiver was just an ancillary matter —

> I don't necessarily disagree with [counsel] that it's not the only remedy. I ask the Court to take a look at Revised Code 1701.89. One of the remedies is appointment of a receiver. The other is to set timeframes in the manner in which claims can be brought so that the statutory period doesn't necessarily — it can be extended without necessarily appointing a receiver, in other words.
>
> I think the statutory period can be extended, but we submit that a receiver is necessary to fairly and adequately insure the administration of all future and pending claims.

(Tr. 35-36.)

{¶ 47} Accordingly, the trial court erred in appointing a receiver because the appellees failed to withstand their burden of demonstrating that the appointment of a receiver was necessary for the preservation of appellees' rights and to protect them from irreparable harm. Finding merit to Clark's first assignment of error, its second assignment of error also challenging the trial court's appointment of a receiver for unexhausted liability insurance proceeds is rendered moot. Clark's fourth assignment of error regarding the receiver's compensation is also moot.

{¶ 48} Judgment reversed.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR