[Cite as *Echols v. Echols*, 2022-Ohio-1719.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| ROBERT L. ECHOLS, JR., | **CASE NO. 2021-G-0040** |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| SELLIE ECHOLS, | |
| Defendant-Appellee. | Trial Court No. 2020 M 000246 |

## O P I N I O N

Decided: May 23, 2022
Judgment: Affirmed

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellant).

*E. Daniel Mamrack*, 33977 Chardon Road, Suite 100, Willoughby Hills, OH 44094 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Robert L. Echols, Jr., appeals the December 27, 2021 Judgment Entry of the Geauga County Court of Common Pleas, appointing counsel for defendant-appellee, Sellie Echols, receiver. For the following reasons, we affirm the decision of the court below.

{¶2} On March 30, 2020, R. Echols (son) filed a Verified Complaint against S. Echols (mother) raising claims of promissory estoppel – specific performance; breach of contract; intentional fraud; and unjust enrichment as well as for a preliminary injunction regarding property located on Clark Road in Geauga County. S. Echols owns the property

in question. R. Echols operates a forklift sales and repair business on a portion of the property.

{¶3} On April 29, 2020, S. Echols filed a Counterclaim seeking possession of the subject property from R. Echols.

{¶4} On September 14, 2020, the trial court denied the request for preliminary injunction.

{¶5} On March 19, 2021, the trial court granted summary judgment in favor of S. Echols on both the Verified Complaint and the Counterclaim. R. Echols appealed the grant of summary judgment in Appeal No. 2021-G-0006.

{¶6} On April 8, 2021, S. Echols filed a Motion to Appoint Receiver in order "to carry into effect [the] judgment dated March 19, 2021." She requested that the receiver be granted the power to: "(a) collect the solid scrap and other waste materials that plaintiff [R. Echols] has accumulated on the property; (b) liquidate those items which can be sold; and (c) dispose of the remainder of the solid waste, all to be done in conjunction with the United States EPA, the Ohio EPA, the Geauga County Health Department and Chardon Township."

{¶7} On May 26, 2021, the trial court granted the Motion to Appoint Receiver. The court found that, in June 2020, Geauga Public Health conducted a Solid Waste Nuisance Investigation of the subject property. In September 2020, the United States EPA issued S. Echols a Notice of Federal Interest in an Oil Pollution Incident, alerting her to the presence of hazardous substances, pollutants, or contaminants on her property. These investigations continued into 2021, as did the depositing of additional waste material on the property. While the EPA assumed responsibility for the removal of the

2

hazardous liquid waste, the remaining hazardous waste, including batteries and scrap tires, would have to be disposed of in accordance with the rules and requirements of the Ohio EPA and Geauga Public Health.  On account of "age and declining health," S. Echols was unable to remove the hazardous and solid waste from her property.  The court did not appoint a receiver at this time, stating that it would consider appointing a receiver selected by S. Echols.

{¶8}   On June 7, 2021, counsel for R. Echols filed a Motion to Withdraw as Attorney of Record on account of the client's failure to fulfill his obligations to counsel, "both financial and otherwise."  The trial court granted the Motion on June 28.

{¶9}   On August 27, 2021, counsel for S. Echols reported to the trial court that "there is no indication that [R.] Echols Jr. has undertaken any material action in dealing with either the liquid hazardous waste or the solid scrap," and offered to serve as receiver, "if acceptable to the court, as he has knowledge of the situation and has been in contact with DeMilta Iron & Metal concerning the scrap material."

{¶10}  On September 13, 2021, this court dismissed Appeal No. 2021-G-0006, "for appellant's failure to prosecute."

{¶11}  On October 15, 2021, the trial court issued notice that a hearing would be held before a magistrate on November 2 "to select and appoint receiver and to establish bond."

{¶12}  Present at the November 2 hearing were: R. Echols; Attorney Daniel E. Mamrack on behalf of S. Echols; David Sage, Environmental Health Director for the Geauga County Health Department; Robin Cooper, S. Echols' daughter and power of attorney; and Rhonda Cooper, S. Echols' daughter.

3

Case No. 2021-G-0040

{¶13} At the beginning of the hearing, R. Echols moved for a continuance "because [he] might want to get an attorney again back on this." The magistrate denied the motion.

{¶14} The parties then began to address the issue of appointing a receiver. R. Echols complained that he did not think the process "was going to be fair" and that is why he wanted to get his attorney involved. Mamrack acknowledged that he had failed to nominate a receiver as ordered by the court when it granted the Motion to Appoint a receiver. He indicated that he was willing to serve but had "no problem" with someone else being appointed: "[A]t this point, we just need somebody to * * * take control of this case. And again, no problem even if I was appointed the Receiver to allow Mr. Echols a certain amount of time to comply with the outstanding orders of the County and the Township before we actually go in and liquidate the property."

{¶15} R. Echols asked why/how it was fair that counsel for the defense could offer to be the receiver. The magistrate responded that "no one else has been nominated." Thereupon, R. Echols nominated himself, but the magistrate denied the request. R. Echols next nominated "Sal" (otherwise unidentified) whom the magistrate also declined to appoint.

{¶16} Sage then began testifying and explained the history of the county's and the EPA's involvement with the property and the orders issued to S. Echols as the property owner to remove the waste. Because the orders had not been complied with, the matter was forwarded to the prosecutor "for further legal action." R. Echols questioned Sage regarding what constituted solid waste. R. Echols' position was that at least some of what was being designated solid waste was operable machinery that could be sold. Sage

4

responded that such equipment could be sold as long as the sale was documented, but it could not remain on the property. R. Echols asked: "So I've got to take my dozer that I use or my track hoe, or my bobcat, and I've got to move it, is that what you're telling me?" When the magistrate did not answer the question directly, R. Echols left the hearing: "I'm just going to let you do what you've got to do, ma'am. Thank you very much. You've been very kind."

{¶17} Following R. Echols' departure, Sage continued to testify and, using photographs, identified the waste material that needed to be removed. Mamrack then advised the magistrate that a representative of DeMilta Scrap and Metal had visited the property and estimated that there was about 150 tons of salvageable metal which (as of June 2021) would sell at $370 per gross ton.

{¶18} On November 4, 2021, the magistrate issued her Decision and Recommendations, in which she found that Attorney Mamrack should be appointed receiver for the purpose of "(1) return[ing] the Property to Defendant; and (2) bring[ing] the Property into compliance with health and environmental laws and regulations."

{¶19} On November 9, 2021, R. Echols, now represented by counsel, filed Objections to the Magistrate's Decision, with Supplemental Objections filed on December 7, 2021.

{¶20} On December 27, 2021, the trial court denied R. Echols' Objections and adopted the magistrate's recommendation that Attorney Mamrack be appointed as receiver. With respect to the denial of R. Echols' oral motion for continuance, the court ruled:

> The case has been pending for a considerable period prior to
> the hearing. Plaintiff had ample opportunity to obtain counsel and

5

Case No. 2021-G-0040

received notice of the hearing well in advance. Witnesses were present in the Courtroom and it would have been inconvenient to them and the Court to reschedule the hearing. Plaintiff's use of Defendant's real property caused environmental damage and risks to public health.

Plaintiff placed solid, liquid, and hazardous waste on property owned by Defendant. Defendant was under clean-up orders from the Geauga County Board of Health. The U.S. EPA cleaned up and removed liquid and hazardous waste. During the pendency of this case, Plaintiff brought in additional solid waste. Further delay would pose additional risks to Defendant, the property owner, and the public health.

{¶21} With respect to the appointment of Attorney Mamrack as receiver, the trial court ruled:

The record shows clear and convincing grounds for the immediate appointment of a receiver and for the selection of Mr. Mamrack as that receiver. The Court finds Plaintiff's statements and actions gave his consent to [the] appointment of Mr. Mamrack as receiver.

{¶22} On December 29, 2021, R. Echols filed a Notice of Appeal. On appeal, he raises the following assignments of error:

[1.] The trial court erred and committed an abuse of discretion, including adopting the Magistrate's Decision, in the appointment of a receiver based upon the facts and circumstances, particularly when the opposing party requests a reasonable continuance.

[2.] The trial court erred and committed an abuse of discretion, including the adopting of the Magistrate's Decision, in the appointment of the Appellee's counsel of record as the receiver.

{¶23} The standard of review generally employed to review a trial court's adoption of a magistrate's decision is abuse of discretion. This is also the standard that is applied to the discrete aspects of the magistrate's decision contested on appeal as will be noted below. *Degrant v. Degrant*, 2020-Ohio-70, 151 N.E.3d 61, ¶ 24 (11th Dist.).

6

Case No. 2021-G-0040

{¶24} Under the first assignment of error, R. Echols challenges the trial court's decision to appoint a receiver as well as the denial of the motion to continue the hearing on the appointment of a receiver.

{¶25} Preliminarily, we will address the claim raised by S. Echols that the issue of whether to appoint a receiver "was previously determined by the trial court's Decision and Judgment issued on May 26, 2021," and, therefore, R. Echols "is seeking a way around the fact that [he] failed to appeal the order granting the receivership." Brief of Defendant-Appellee at 7-8.

{¶26} "[A]n order appointing a receiver is an order affecting a substantial right in a special proceeding, and therefore a final order and reviewable." *Cleveland, Columbus, & Cincinnati Hwy. v. Pub. Util. Comm.*, 141 Ohio St. 634, 636, 49 N.E.2d 759 (1943); *Ralls v. 2222 Internatl., L.L.C.*, 8th Dist. Cuyahoga No. 108314, 2019-Ohio-4261, ¶ 9 (granting a motion to appoint a receiver is appealable under either R.C. 2505.02(B)(2) [affecting a substantial right in a special proceeding] or (B)(4) [granting relief in a proceeding for a provisional remedy]). However, "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." (Citation omitted.) *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶ 4; *Cummin v. Cummin*, 2017-Ohio-7877, 98 N.E.3d 1, ¶ 17 (4th Dist.) ("when an order does not contemplate further action and no other related issues remain pending, the order normally constitutes a final order"); *compare Fort Frye Teachers Assn. v. Fort Frye Local School Dist. Bd. of Edn.*, 87 Ohio App.3d 840, 843, 623 N.E.2d 232 (4th Dist.1993) ("[i]t is well-settled law that a judgment deferring final adjudication of a request for attorney fees is not a final appealable order").

{¶27} Here, the trial court's May 26, 2021 Decision granting the Motion to Appoint Receiver deferred the actual appointment of a receiver. Until that occurred, R. Echols' substantial rights over his property remained unaffected. Moreover, the court clearly contemplated further action being taken before a receiver would be appointed inasmuch as a receiver still needed to be selected. Therefore, the Decision to grant the Motion to Appoint Receiver was not a final order and the issue of whether a receiver should have been appointed is properly before this court.

{¶28} "A receiver may be appointed by * * * the court of common pleas * * * [a]fter judgment, to carry the judgment into effect." R.C. 2735.01(A)(4). "A receiver appointed under division (A)(4) * * * may be appointed to manage all the affairs * * * with respect to particular property as determined by the court." R.C. 2735.01(D). Alternatively, a receiver may be appointed, "[a]fter judgment, to dispose of the property according to the judgment." R.C. 2735.01(A)(5). "A receiver appointed under division [(A)(5)] shall be appointed only with respect to the particular property that is the subject of the action in which the appointment of a receiver is sought." R.C. 2735.01(B).

{¶29} "[T]he appointment of a receiver is the exercise of an extraordinary, drastic, and sometimes harsh power which equity possesses, and is only to be exercised where the failure to so would place the petitioning party in danger of suffering an irreparable loss or injury." *Hoiles v. Watkins*, 117 Ohio St. 165, 174, 157 N.E. 557 (1927). As an "extraordinary remedy," it is commonly held that the necessity of appointment must be established by clear and convincing evidence. *Cuyahoga Cty. Case Mgt. v. Clark Industrial Insulation Co.*, 2021-Ohio-1405, 172 N.E.3d 448, ¶ 42 (8th Dist.).

8

{¶30} "It has long been recognized that the trial court is vested with sound discretion to appoint a receiver." *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991). "A court, in exercising its discretion to appoint or refuse to appoint a receiver, must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies." *King v. King*, 11th Dist. Geauga Nos. 2012-G-3068 and 2012-G-3079, 2013-Ohio-2038, ¶ 41. Absent an abuse of discretion, such appointment will not be disturbed on appeal. *Celebrezze* at 73.

{¶31} In the present case, we find no abuse of discretion in the decision to appoint a receiver. Although S. Echols' claim against R. Echols was a simple claim for ejectment, the involvement of county, state and federal environmental agencies in the restoration of the property constitutes an extraordinary circumstance. S. Echols' judgment can no longer be enforced by simply removing R. Echols and/or his equipment from the subject property. The equipment, regardless of whether it is properly characterized as waste material, must be removed (and documented) in accordance with the conditions imposed by the environmental agencies. Moreover, seven months had passed since the order of ejectment without any significant action being taken by R. Echols to restore the property. On the contrary, it was found that he continued to deposit waste material on the subject property during the pendency of this action. As a result, S. Echols faces possible criminal sanctions as the property owner because of R. Echols' failure to comply with the administrative orders.

Case No. 2021-G-0040

{¶32} R. Echols argues that, "[t]ruly taking into account all the circumstances and facts of the instant matter, [S. Echols] failed to proffer sufficient grounds justifying the appointment of a receiver or the adequacy and effectiveness of the requested remedy." Brief of Appellant at 7. The trial court's decision to the contrary is far from unreasonable and, accordingly, entitled to this court's deference and affirmation.

{¶33} It is further argued that, "[a]t the very least, the Magistrate should have continued the matter." Brief of Appellant at 9.

{¶34} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), syllabus. "Weighed against any potential prejudice to [the movant] are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Id.* at 67. Additional factors to consider include: "the length of delay requested, prior continuances, inconvenience, the reasons for the delay, whether the defendant contributed to the delay, and other relevant factors." *State v. Landrum*, 53 Ohio St.3d 107, 115, 559 N.E.2d 710 (1990). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process," rather the "answer must be found * * * particularly in the reasons presented to the trial judge at the time the request is denied." *Unger* at 67, citing *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶35} Again, we find no abuse of discretion. R. Echols had over four months from the time counsel was granted leave to withdraw to find replacement counsel before the hearing to appoint a receiver. Instead, he sought a continuance on the day of hearing because, having doubts that the process would be fair, he thought he "might want to get

10

an attorney back on this." The hearing was noticed two weeks in advance, which afforded R. Echols sufficient time to retain counsel or seek a timely continuance. On the other hand, the need to appoint a receiver was pressing as the deadline for removal of the waste material had already passed and the matter had been referred to the prosecutor's office.

{¶36} The first assignment of error is without merit.

{¶37} In the second assignment of error, R. Echols argues the trial court erred by appointing Attorney Mamrack, counsel for S. Echols, as receiver.

{¶38} "No party, attorney for a party, or person interested in an action shall be appointed receiver in the action except by consent of all of the parties to the action and all other persons holding a recorded ownership interest in or a recorded or filed lien on the property that is subject to the action." R.C. 2735.02. The trial court deemed that R. Echols, based on his "statements and actions" at the hearing, gave his consent to the appointment of Mamrack as receiver.

{¶39} R. Echols asserts that he "certainly did not consent, whether expressly or impliedly, to the appointment of a receiver, let alone Attorney Mamrack as the receiver, notwithstanding the trial court's significant misinterpretation of the facts and application of Ohio law." Furthermore, he contends that "Section 2735.02 requires the affirmative 'consent of the parties,' not 'waiver', whether implied or expressed." Brief of Appellant at 11. S. Echols counters that the "statute does not require express consent" and R. Echols cites no legal authority for the proposition that express consent is required. Brief of Appellee at 10.

11

**{¶40}** As noted by S. Echols, the receivership statutes do not mandate a particular manner in which consent to the appointment of a receiver must be given and we are aware of no authority on this issue. Thus, we consider whether it was an abuse of discretion to construe R. Echols' conduct at the hearing as consent to the appointment of Attorney Mamrack as receiver. We conclude that it was not.

**{¶41}** The law in a variety of contexts and situations will find that a party has impliedly consented to a proposed action by his conduct as well as by his failure to object thereto. *See, e.g.*, *State v. Morris*, 2d Dist. Clark No. 2021-CA-31, 2022-Ohio-94, ¶ 23 ("consent [to search] may be implied by the circumstances surrounding the search, by the person's prior actions or agreements, or by the person's failure to object to the search") (citation omitted); *State v. Bogan*, 8th Dist. Cuyahoga No. 106183, 2018-Ohio-4211, ¶ 29 ("when a defendant has had an opportunity to object to the declaration of a mistrial and fails to do so his consent to the declaration of a mistrial may be implied") (citation omitted); *Vogel v. Mestemaker*, 2016-Ohio-7244, 76 N.E.3d 488, ¶ 15 (2d Dist.) ("[b]y failing to raise any objection, he implicitly consented to his alleged contempt being tried on that date"); *Johnson v. Shulman & Hall, L.P.A.*, 2d Dist. Montgomery No. 17611, 1999 WL 957748, *3 ("[c]onsent to and acceptance of the terms of the new contract need not be express, but may be implied by the facts and circumstances attending the transaction and the conduct of the parties thereafter").

**{¶42}** Here, R. Echols appeared at the hearing and expressed his opposition to the appointment of a receiver and his opposition to the appointment of Attorney Mamrack in particular. Before the conclusion of the hearing, however, he voluntarily ceased his participation as well as his opposition to the proceedings, remarking that he was "just

12

going to let [the magistrate] do what [she has] got to do." Regardless of whether he subsequently renewed his opposition, for the purposes of appointing a receiver, R. Echols abandoned it in favor of letting the magistrate make the decision without further objection. Given these circumstances, we find no abuse of discretion in the finding that R. Echols impliedly consented to the appointment by his statements and actions.

{¶43} R. Echols also argues that the appointment of Attorney Mamrack violates Rules 1.7 and 3.7 of the Ohio Rules of Professional Conduct. Rule 1.7 applies to situations where "[a] lawyer's acceptance or continuation of representation of a client creates a conflict of interest" between current clients. R. Echols is not a past or current client of Mamrack and, therefore, lacks standing to assert the alleged conflict. *Morgan v. N. Coast Cable Co.*, 63 Ohio St.3d 156, 586 N.E.2d 88 (1992), syllabus ("[a]s a general rule, a stranger to an attorney-client relationship lacks standing to complain of a conflict of interest in that relationship").

{¶44} Rule 3.7 provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless" certain conditions apply, such as "the testimony relates to an uncontested issue" or "the disqualification of the lawyer would work substantial hardship on the client." In the present case, it is not at all certain that Attorney Mamrack will be required to testify as a material witness and, thus, R. Echols' concerns are premature. It should be noted that judgment has already been rendered in this case and Mamrack's appointment as receiver is for the purpose of carrying that judgment into effect. More specifically, his task is to dispose of the waste material on S. Echols' property in accordance with the orders of the various environmental

13

agencies involved. The possibility that he might have to provide testimony in the course of executing these duties should not disqualify him a priori from being appointed receiver.

{¶45} In sum, R. Echols complains that the "receivership in general and the appointment of Attorney Mamrack are, at best, unfair advantages to the Appellee and a power and/or money grab." Brief of Appellant at 13. Echols has failed to demonstrate with specific examples how the appointment of Mamrack will be prejudicial to his interests and has failed to acknowledge that he is responsible for the conditions necessitating the appointment of a receiver.

{¶46} The second assignment of error is without merit.

{¶47} For the foregoing reasons, the Judgment of the Geauga County Court of Common Pleas, appointing Attorney Mamrack as receiver, is affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

14